1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9   WASHINGTON ELECTION INTEGRITY       )   No.:
    COALITION UNITED, a Washington State )
10  Nonprofit Corporation; DARCY LYNN    )   NOTICE OF REMOVAL
    HOCKER; JOSEPH GRANT; EVELYN         )
11  HOPF,                                )   (Whatcom County Superior Court,
                                         )   Cause No. 21-2-00949-37)
12              Plaintiffs,              )
                                         )
13       vs.                            )
                                         )
14  DIANA BRADRICK, in her capacity as   )
    Whatcom County Auditor; WHATCOM      )
15  COUNTY, a municipal corporation and DOES )
    1 through 30 inclusive,              )
16                                       )
                                         )
17              Defendants.              )
    _____     )

18

19      COME NOW Defendants, Whatcom County and Diana Bradrick, and allege as follows:

20      1. On September 10, 2021, the Summons and Verified Complaint in this matter were filed

21  in Whatcom County Superior Court under Whatcom County Cause No. 21-2-00949-37. On

22  September 13, 2021, a copy of the Summons and Verified Complaint were served upon the

23  Whatcom County Auditor's Office. A true and correct copy of the Summons and Verified

24  Complaint are attached to this Notice of Removal.

25

2. The complaint alleges that Whatcom County and the Whatcom County Auditor violated 42 U.S.C.§ 1983 and 14 U.S.C. § 1988 by conducting state and federal elections using an uncertified voting system. This Court has federal question jurisdiction over such claims pursuant to 28 U.S.C. § 1331. Plaintiffs also allege claims under the Washington State Constitution, state common law and statutory claims. Under 28 U.S.C. § 1367(a) this Court has supplemental jurisdiction over all other claims that are so related to claims in the action within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

3. This notice is filed with this court within thirty (30) days after Defendants' receipt of the initial pleading setting forth a claim arising under federal law. No defendant was served prior to September 13, 2021. With this Notice, all Defendants join and consent to the removal of this action.

4. The attached summons and complaint constitute all pleadings, process and orders served on Defendants by Plaintiffs in this action. A motion to intervene has been filed in Whatcom County Superior Court by Washington State Democratic Central Committee. Pursuant to LCR 101 (d), if said motion is undecided and pending at the time of removal it must by filed and noted on this court's calendar in accordance with LCR 7 (d).

5. All Defendants in this matter reside and/or have their principal place of business in Whatcom County. Moreover, a substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in Whatcom County. Accordingly, Intra-district Assignment is appropriate in the Seattle Division of the Court, pursuant to LCR 3 (d). See also LCR 101(e).

NOTICE OF REMOVAL
(C21-____-___) - 2

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

WHEREFORE, Defendants respectfully request that the above entitled action be removed from the Superior Court of the State of Washington in and for the County of Whatcom and to this court.

DATED this 12th day of October, 2021.

/S/ Royce Buckingham *electronic signature*
ROYCE BUCKINGHAM, WSBA #22503
Civil Deputy Prosecuting Attorney
*for* Defendants
Whatcom County Prosecuting Attorney
311 Grand Ave Suite 201
Bellingham, WA 98225
360.778.5710
RBucking@co.whatcom.wa.us

## DECLARATION OF SERVICE

I hereby certify that on the 12th day of October, 2021, I caused to be delivered the foregoing documents on the following parties by First Class Postage Prepaid Mail at the addresses indicated:

Washington Election Integrity Coalition United
Director Tamborine Borrelli.
13402 125th Ave NW
Gig Harbor, WA 98329-4215

Darcy Lynn Hocker
411 Flair Valley Ct.
Maple Falls, WA 98266

Joseph Grant
2 Gray Birch Lane
Bellingham, WA 98229

Evelyn Hopf
1516 Mitchell Ave.
Blaine, WA 98230

Attorneys for WA State Democratic Party
Kevin J. Hamilton
Amanda J. Beane
Reina A. Almon-Griffin
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is a true and correct statement.

Signed at Bellingham, WA.

/S/ Megan K. Winter *electronic signature*
Megan K Winter, Paralegal
Whatcom County Prosecuting Attorney
Civil Division

NOTICE OF REMOVAL
(C21-____-____) - 4

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

RECEIVED

SEP 1 3 2021

DIANA BRADRICK
WHATCOM COUNTY AUDITOR

FILED
COUNTY CLERK

2021 SEP 10  PM 4:28

WHATCOM COUNTY
WASHINGTON
BY Darcy Hocker

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF WHATCOM

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY ) <br> COALITION UNITED, a Washington ) <br> State Nonprofit Corporation; DARCY ) <br> LYNN HOCKER; JOSEPH GRANT; ) <br> EVELYN HOPF, ) <br> ) <br> ) <br>   Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> DIANA BRADRICK, Whatcom County ) <br> Auditor; WHATCOM COUNTY, and ) <br> DOES 1 through 30, inclusive, ) <br> ) <br>   Defendants. ) <br>_____) | Case No.  **21 2 00949 37** <br><br><br> SUMMONS (20 DAYS) <br><br><br><br><br><br> **DAVID E. FREEMAN** |

   TO THE DEFENDANTS:  A lawsuit has been started against you in the above entitled

court by WASHINGTON ELECTION INTEGRITY COALITION UNITED, a WA State

Nonprofit Corporation, DARCY LYNN HOCKER, JOSEPH GRANT, and EVELYN HOPF,

Plaintiffs.

1

SUMMONS  (20 DAYS)

Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons. In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what she/he/they ask for because you have not responded. If you serve a notice of appearance on the undersigned persons, you are entitled to notice before a default judgment may be entered. You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the persons signing this summons. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a WA State Nonprofit

Dated: 1-7-21

By: Tamborine Borrelli
Its: Director
Address: 13402 125th Ave NW
          Gig Harbor, WA 98329-4215
Phone:  253-375-1255

Dated: 1-8-21

Darcy Lynn Hocker
Plaintiff, *Pro Se*
Address: 411 Flair Valley Ct.
          Maple Falls, WA 98266
Phone:   (360) 441-4652

SUMMONS (20 DAYS)

Dated: _9-8-21_

_____
Joseph Grant
Plaintiff, *Pro Se*
Address: 2 Gray Birch Lane
         Bellingham, WA 98229
Phone: (425) 563-0460

Dated: _9/8/21_

_____
Evelyn Hopf
Plaintiff, *Pro Se*
Address: 1516 Mitchell Ave.
         Blaine, WA 98230
Phone: (206) 799-2534

RECEIVED

SEP 13 2021

DIANA BRADRICK
WHATCOM COUNTY AUDITOR



FILED
COUNTY CLERK

2021 SEP 10  DAVID E. FREEMAN
WHATCOM COUNTY
WASHINGTON

BY_____

## SUPERIOR COURT OF THE STATE OF WASHINGTON

## FOR THE COUNTY OF WHATCOM

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DARCY LYNN HOCKER; JOSEPH GRANT; EVELYN HOPF, <br><br><br> Plaintiffs, <br><br> v. <br><br> DIANA BRADRICK, Whatcom County Auditor; WHATCOM COUNTY, and DOES 1 through 30, inclusive, <br><br> Defendants. | Case No.  2 1  Z  0 0 9 4 9  37 <br><br> VERIFIED COMPLAINT FOR EQUAL R PROTECTION; VIOLATION OF CIVIL RIGHTS; EQUITABLE RELIEF; INJUNCTIVE RELIEF; DECLARATORY RELIEF; PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION <br><br> JURY DEMAND |

Plaintiffs allege:

### I. PARTIES

1.      Plaintiffs Darcy Lynn Hocker, Joseph Grant, and Evelyn Hopf ("Citizen Plaintiffs") are Whatcom County residents and lawful electors of Washington State who voted in the November 2020 General Election ("Election"). (Article VI, §1, Washington State Constitution).

1

2.      Plaintiff Washington State Election Integrity Coalition United ("WEiCU") is a Washington State nonprofit corporation with its principal office in Pierce County, Washington. On March 26, 2021, WEiCU, by its director Tamborine Borrelli, issued a records request for, *inter alia*, ballots and ballot images for the Whatcom County Election.

3.      At all relevant times, Defendant Bradrick is serving as the elected Auditor for the State of Washington, Whatcom County ("Auditor"), responsible for all Election procedures, elections staff, election workers, election observers, the accuracy of the county Election's vote tabulations, certification of the county Election's tabulation results, and certification of the county's Election results as a member of the Whatcom County Canvassing Board.

4.      Defendant Whatcom County is a municipal corporation.

## II. OVERVIEW

5.      Defendant Bradrick is responsible for conducting the Election in Whatcom County, Washington, in violation of, *inter alia*, Plaintiffs' equal protection, due process and free speech rights under the Washington State and United States Constitutions. This complaint is supported, in part, by video evidence of alleged ballot tampering by an election worker under the supervision of Defendant Bradrick. Plaintiffs have demanded a jury trial and seek a judgment, *inter alia*, that Defendant Bradrick not only acted in error and/or neglect of duty, but also engaged in what appears to be a cover-up through misleading statements and failure to produce ballots for comparison to the video evidence. Defendant Bradrick further used an uncertified voting system and allowed for ample opportunity for violations of Plaintiffs' Constitutional rights by failing to provide adequate ballot security measures. Plaintiff WEiCU issued a records request for ballots to confirm or deny the conduct and seeks a Court order compelling release of the ballots for an audit conducted by

Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa County Arizona ballot auditor of approximately 2.1 million ballots.

### III. JURISDICTION, VENUE, LIMITATIONS

6.      Any justice of the supreme court, judge of the court of appeals, or judge of the superior court in the proper county shall, by order, require any person charged with error, wrongful act, or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty and to do as the court orders or to show cause forthwith why the error should not be corrected, the wrongful act desisted from, or the duty or order not performed, whenever it is made to appear to such justice or judge by affidavit of an elector that: (1) A wrongful act has been performed or is about to be performed by any election officer; or (2) Any neglect of duty on the part of an election officer has occurred or is about to occur. (RCW 29A.68.013(1), (2).)

7.      Venue is proper in Whatcom County Superior Court for Constitutional violations, wrongful acts and/or neglect of duty by Defendant Bradrick during the Election in Whatcom County. (RCW 29A.68.013(1), (2).) Given a troublesome recent trend of judges recusing themselves thereby forcing actions to more favorable venues, Plaintiffs request that the Court immediately disclose to the parties any direct or indirect communications with any third parties aimed at disrupting the Court's ability to administer this action in a fair and equitable manner.

8.      The narrow 10 day limitations period of RCW 29A.68.013 subsection (3) does not apply to Plaintiffs' claims, as Plaintiffs are not seeking de-certification of the Election.

9.      Plaintiffs do not know the true names of defendants Does 1 through 30, inclusive, who are therefore sued by such fictitious names. Plaintiffs will amend this complaint to show their true names and capacities when they are ascertained.

///

3

VERIFIED COMPLAINT FOR EQUAL PROTECTION

## IV. WRONGFUL ACTS: BALLOT TAMPERING

### RCW 29A.28.013(1) and/or (2)

### (Citizen Plaintiffs v. Defendant Bradrick)

10.     On or about November 4, 2020, a Whatcom County resident observed suspicious activity taking place in a livestream video from the Whatcom County Elections ballot tabulation process, and began to record. The video was submitted to WEiCU for election integrity investigation. The video appears to demonstrate ballot tampering and other election irregularities. An election worker is shown working by herself hand-marking ballots in a pattern of first moving the pen straight across, then making a small circle, in the same location on one ballot after another. The lone election worker appears to be crossing out a vote in a single race, and filling in an alternate vote for that race. There are no other election staff persons or party observers watching this activity. (WAC 434-261-045 ["Unsecured ballots must be accompanied by at least two county auditor staff at all times"].)

11.     Examination of a Whatcom County ballot from the Election shows that the location being marked on the ballots, which was low on the right hand side, is proximate to where the Governor's race was located, candidate Culp versus incumbent Inslee. In some frames of the video it can be discerned that after the worker crossed out a vote, the worker then moved the pen upwards to fill in a circle. The votes for the Governor's race were arranged on the ballot with candidate Culp at the bottom, and incumbent Inslee immediately above.

12.     Plaintiff Hocker further alleges, on information and belief, that an abnormally high percentage of adjudicated ballots for the Election were identified based on ballots that displayed a write-in vote for Joshua Freed ("Freed Ballots"), and that the Freed Ballots were therefore ripe for culling and potential ballot tampering as a result.

VERIFIED COMPLAINT FOR EQUAL PROTECTION

13.     Plaintiffs are informed and believe that Defendant Bradrick engaged in wrongful acts by, *inter alia*, permitting/overseeing and/or directing the alteration, and possible outright crossing out, of electors' votes and insertion of votes for an opposing candidate by an election worker working by herself with no election observers present. (RCW 29A.68.013(1) and/or (2).)

## V. WRONGFUL ACTS: MISLEADING STATEMENTS

### RCW 29A.28.013(1) and/or (2)

### (Citizen Plaintiffs v. Defendant Bradrick)

14.     Plaintiffs incorporate the allegations of paragraphs 1 through 13 above, as though fully set forth herein.

15.     Since news of the alleged ballot tampering became public, Defendant Bradrick appears to have engaged in wrongful acts in the form of a cover-up campaign to mislead the public and prevent the public from learning the truth, further implicating Defendant Bradrick.

16.     On or about June 16, 2021, Kevin Schmadeka, in coordination with WEiCU, published online a video titled, "Ballot Tampering In Washington State" that detailed the incident for the public: https://rumble.com/vilvy1-washington-election-fraud-2.html; incorporated herein by reference in its entirety ("Ballot Tampering Video").

17.     Subsequent to this posting, Defendant Bradrick purported to 'debunk' the Ballot Tampering Video: https://www.whatcomcounty.us/3731/Integrity-and-Transparency; incorporated herein by reference in its entirety. Defendant Bradrick asserted that the worker in question was not marking the location of the votes for Governor on the ballot, but was instead writing control numbers on the bottom center of each page.

18.     Defendant Bradrick's statements appear to have been made in an attempt to mislead the public.  It is clearly discernible from the Ballot Tampering Video what part of the ballots

Defendant Bradrick's election worker was repeatedly tampering. The location was on the right hand side of the ballots about three-quarters of the way down from the top, and not the bottom center as asserted by Defendant Bradrick. Second, the pen movements are first, a straight line across from left to right, and second, a tiny circular motion as would be made when filling in a vote. The pen movements do not appear to correspond with the writing of numbers, and the location does not appear to be the bottom center as asserted by Defendant Bradrick.

19. Defendant Bradrick further asserted that the ballots were online printable ballots downloaded from VoteWA.gov, were not capable of being scanned into the tabulation machines, and therefore were being prepared for copying by writing control numbers. However, the Ballot Tampering Video evidence does not support this.

## VI. PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION
### RCW 29A.68.013(1) and/or (2); RCW 42.56.030; RCW 42.56.550; RCW 29A.60.110
### (Plaintiff WEiCU v. Defendants Bradrick and Whatcom County)

20. Plaintiffs incorporate the allegations of paragraphs 1 through 19 above, as though fully set forth herein.

21. WEiCU brings this Public Records Act action to compel Defendants to provide access to ballots or electronic images of the ballots from the Election. (RCW 42.56.030, 42.56.550).

22. On March 26, 2021, Plaintiff WEiCU, via its director Tamborine Borrelli, submitted a records request to Defendant Bradrick referencing the controversial video evidence and requesting, among other things, "1. Copies of, or access to, either the ballots or electronic images of the ballots from the 2020 November election. . . ." (RCW 42.56, "PRR").

23.     On March 29, 2021, Defendant Whatcom County, in an email copied to Defendant

Bradrick, denied WEiCU's PRR under RCW 42.56 citing RCW 29A.60.110 and White v. Clark

County, 199 Wn.App. 929 (2017) ("PRR Denial"; "White Case").

24.     Contrary to the PRR Denial, RCW 29A.60.110 does not prohibit ballot review and

expressly permits court ordered review of ballots. In addition, the White Case relies on WA State

Constitution Article 6, Section 6 as grounds for refusing access to ballots, but that provision

actually guarantees secrecy <u>only</u> in the preparation and deposit of ballots, and says nothing about

secrecy following an election: "The legislature shall provide for such method of voting as will

secure to every elector absolute secrecy in **preparing** and **depositing** his ballot." [WA State Const.

Art. 6, § 6 [emphasis added].)

25.     Article 6, Section 6 does not prohibit public access to unidentifiable ballots after an

election. Such interpretation of the State Constitution would prevent any ballot reviews relating to

wrongful acts in an election and would be contrary to Article 1, Section 19 of the Washington State

Constitution which ensures fair and free elections in our state: "All Elections shall be free and

equal, and no power, civil or military, shall at any time interfere to prevent the free exercise of the

right of suffrage."

26.     Moreover, the State Constitution is consistent with Washington State law and

administrative code, which provide that access to ballots or ballot images via court order is entirely

appropriate to prove or disprove election irregularities, and that such review "shall be de novo."

(RCW 42.56.030 [the people do not yield their sovereignty to the agencies and insist on remaining

informed so that they may maintain control over the instruments they have created to assure public

interest is fully protected]; RCW 42.56.550(3) [judicial review of all agency actions taken or

challenged under the [PRA] "shall be de novo".]; RCW 29A.60.110 [allows for unsealing of ballots

7

VERIFIED COMPLAINT FOR EQUAL PROTECTION

"...by order of the superior court in a contest or election dispute."]; WAC 434-261-045 ["Voted ballots and voted ballot images may . . . be accessed in accordance with RCW 29A.60.110 [unsealing of ballots allowed by court order]).

27.     Numerous courts outside of Washington State have ruled that ballots are public records and subject to inspection: "Nothing could be more obvious than that a ballot becomes a public record once it is voted." (*Rogers v. Hood*, 906 So. 2d 1220, 1223 (Fla. Dist. Ct. App. 2005); *Marks v. Koch*, 284 P.3d 118, 122 (Colo. App. 2011) [ballot secrecy is not violated if "the identity of the voter cannot be discerned from the face of that ballot"]).

28.     Defendants must be compelled to comply with the PRR for ballots or ballot images to prove or disprove the allegations herein, including without limitation, the Ballot Tampering Video evidence. The original ballots will require kinematic artifact detection analysis, along with analysis of the spoiled ballots, adjudication records, ballot envelopes, and returned ballots for the Election. Plaintiff WEiCU stands ready, willing and able to conduct a forensic audit of the above public records and documents in coordination with Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa county Arizona ballot auditor of 2020 General Election 2.1 million ballots. This Public Records Action should be granted to ensure free and fair elections are being conducted in Whatcom County.

## VII. WRONGFUL ACTS: OPEN AND MISSING SLEEVES ALLOW FOR UNFETTERED ACCESS TO BALLOTS

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Defendant Bradrick)

29.     Plaintiffs incorporate the allegations of paragraphs 1 through 28 above, as though fully set forth herein.

VERIFIED COMPLAINT FOR EQUAL PROTECTION

30. The wrongful acts alleged herein were facilitated in part by the lack of ballot security envelopes for the ballots available online, privately printed by Whatcom County electors, and delivered via regular mail or drop box with NO added security measures.

31. Absolute secrecy in preparing and depositing ballots is required by the Washington State Constitution and related statutes. (WA State Constitution Art. 6, §6; RCW 29A.40.091(1) [the county auditor "shall" send each voter a ballot and a security envelope in which to conceal the ballot after voting].)

32. Here, the alleged tampered ballots were, according to Defendant Bradrick, online printable ballots which had presumably arrived with NO security envelope. Defendant Bradrick asserts the self-printed ballots were (allegedly) being prepared for hand copying. However, when in the custody of election workers, all ballots have the same vulnerability to tampering, due to the unchecked accessibility and ease with which they can be "corrected". As evidenced by the Ballot Tampering Video, it may be as easy as drawing a line through the vote that has been filled in, and then filling in an alternate vote.

33. Defendant Bradrick has acted in error and/or neglect by not adhering to the security envelope requirement of RCW 29A.40.091(1), and such actions directly facilitated the wrongful acts alleged herein. (RCW 29A.68.013(1) and/or (2).)

## VIII. DECLARATORY RELIEF BARRING USE OF OPEN SLEEVES

### (Citizen Plaintiffs v. Defendant Bradrick)

34. Plaintiffs incorporate the allegations of paragraphs 1 through 33 above, as though fully set forth herein.

35. As stated above, RCW 29A.40.091(1) requires Defendant Bradrick provide Whatcom County voters "a security envelope" for ballots: "The county auditor **shall send** each

9

voter a ballot, **a security envelope** in which to conceal the ballot after voting, [and] a larger envelope in which to return the security envelope. . . . " [emphasis added]. In contrast to the legislature's clear requirement for a security envelope, WAC 434-230-120 allows for use of "a security envelope **or sleeve**". [emphasis added].

36.    A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Defendant Bradrick, in that Plaintiffs contend the legislature has never approved the use of sleeves, much less open sleeves, for ballot security. The open sleeves used by Defendant Bradrick allow for unfettered access to ballots prior to tabulation, are an invitation to ballot tampering, and violate Plaintiffs' right to absolute secrecy in preparing and depositing their ballots. (Washington State Constitution, Art. 6, § 6)

37.    Plaintiffs are informed and believe, and thereon allege, that Defendant Bradrick disputes and denies the contentions set forth in paragraph 36.

38.    It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Defendant Bradrick, in the form of an order striking the sleeve option of WAC 434-230-120 as inconsistent with RCW 29A.40.091(1), and requiring Defendant Bradrick to comply with the plain language of RCW 29A.40.091(1) by sending each voter in Whatcom County a security envelope for each ballot cast regardless of the ballot source.

## IX. WRONGFUL ACTS: USE OF UNCERTIFIED VOTING SYSTEM

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Defendant Bradrick)

39.    Plaintiffs incorporate the allegations of paragraphs 1 through 38 above, as though fully set forth herein.

VERIFIED COMPLAINT FOR EQUAL PROTECTION

40.     Plaintiffs are informed and believe and hereon allege, that Defendant Bradrick engaged in a wrongful act by using an uncertified voting system to tabulate votes for the Election.

41.     Defendant Bradrick, who oversees all elections for Whatcom County, is required by federal and state law to use an electronic voting system certified by a U.S. Election Assistance Commission (EAC) accredited Voting System Test Labs (VSTLs). (Help America Vote Act 2002 (HAVA), 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

42.     No voting device or its component software may be certified unless it has been tested and approved by an EAC accredited VSTL. (*Id.*)

43.     At the time of VSTL testing of the voting system used by Defendant Bradrick for the Election (ClearVote 1.5), the VSTL (ProV&V) was not accredited by the EAC. As a result, the EAC's and state level purported 'certifications' of the system in reliance on the non-accredited testing reports are illegal and/or null and void. (52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

44.     Specifically, the EAC issues formal Certificates of Accreditation for the VSTLs. These Certificates of Accreditation state their effective dates and are published on the EAC's website. The most recent EAC Certificate of Accreditation of VSTL ProV&V shows a lapse in EAC accreditation commencing **February 24, 2017.**[1]

45. ProV&V tested and 'certified' the voting system used by Defendant Bradrick in **2019,** two years **AFTER** ProV&V's accreditation had **LAPSED**. The subsequent state level 'certification' in reliance on the illegal federal level 'certification' is also invalid. As a result,

---

[1] The EAC attempted to correct this lapse in Pro V&V certification via various documents commencing with a letter dated January 27, 2021; said letter and documents do not constitute an EAC Certificate of Accreditation, are not retroactive to February 24, 2017, do not meet the standards of EAC Accreditation, and further confirm the lapse through an attempted cover up.

VERIFIED COMPLAINT FOR EQUAL PROTECTION

Defendant Bradrick tabulated the Election on an uncertified voting system ("Uncertified Voting System"). (52 USC §20971, RCW 29A.12.080, 29A.12.020; WAC 434-335-010, 434-335-250, and 434-335-040(f).)

46.     The Election was conducted in Whatcom County by Defendant Bradrick in violation, at a minimum, of the Help America Vote Act 2002 (HAVA), 52 USC §20971, RCW 29A.12.080, 29A.12.020, and WAC 434-335-010, 434-335-250, and 434-335-040(f).

## X. DECLARATORY RELIEF REGARDING USE OF UNCERTIFIED VOTING SYSTEM

### (Citizen Plaintiffs v. Defendant Bradrick)

47.     Plaintiffs incorporate the allegations of paragraphs 1 through 46 above, as though fully set forth herein.

48.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Defendant Bradrick, in that Plaintiffs contend that any electronic voting system used by Defendant Bradrick to tabulate votes must be properly and legally certified under state and federal law.

49.     Plaintiffs are informed and believe, and thereon allege, that Defendant Bradrick disputes and denies the allegations of paragraphs 40 through 46 above.

50.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Defendant Bradrick, as they pertain to the electronic voting system used for the Election and future elections conducted by Defendant Bradrick in Whatcom County.

/ / /

/ / /

/ / /

VERIFIED COMPLAINT FOR EQUAL PROTECTION

## XI. EQUITABLE RELIEF BARRING USE OF UNCERTIFIED VOTING SYSTEM

### (Citizen Plaintiffs v. Defendant Bradrick)

51.     Plaintiffs incorporate the allegations of paragraphs 1 through 50 above, as though fully set forth herein.

52.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Defendant Bradrick must be preliminarily and permanently restrained from conducting elections on uncertified voting systems, as any additional elections conducted using the Uncertified Voting System will be in further violation of state and federal law. In addition, Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

53.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Defendant Bradrick from using the Uncertified Voting System or any uncertified voting system to tabulate votes in any election held in Whatcom County.

## XII. DECLARATORY RELIEF FOR VIOLATIONS OF PLAINTIFFS'

### CONSTITUTIONAL RIGHTS

### WA STATE CONSITUTION ART. I, § 1, § 2, § 3, § 12, §19, §29 ; ART. VI, §6,

### US CONSTITUTION AMENDMENTS I, XIV

### (Citizen Plaintiffs v. Defendant Bradrick)

54.     Plaintiffs incorporate the allegations of paragraphs 1 through 53 above, as though fully set forth herein.

55.     The right to freely elect one's representatives and to influence the political direction of one's government is the democratic republic's indispensable political foundation. Without free

13

VERIFIED COMPLAINT FOR EQUAL PROTECTION

elections, there is neither the possibility for citizens to express their will nor the opportunity for citizens to change their leaders, approve policies for the country, address wrongs, or protest the limitation of their rights afforded to them by the Constitution. (Article 1, §19 Washington State Constitution).

56.     Moreover, Constitutional requirements and mandates may not be ignored by Defendant Bradrick or this Court. (Article 1, §2, §29, Washington State Constitution.) Elections establish the citizenry's and the individual's right to FREE SPEECH as depicted by the First Amendment of the Constitution of the United States of America. Accordingly, Plaintiffs hereby demand of the Superior Court that the state and federal Constitutions be followed so that free and fair elections may be held in this county consistent with the free speech will of the People.

57.     Article 1 § 3 of the Washington State Constitution states: "No person shall be deprived of life, liberty, or property without due process of law." The right to vote is a fundamental right to which all lawful citizens of Washington State who meet the requirements are entitled, and as such this right is a "liberty" protected under Article 1 Section 3 of the Washington State Constitution.

58.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Defendant Bradrick, in that Plaintiffs contend as follows:

a.      Defendant Bradrick's wrongful acts in, *inter alia*,  allowing lone workers to 'process' (and possibly alter votes on) ballots, misleading the public about the alleged wrongful acts, denying access to ballots under the Public Records Act, not requiring security envelopes and instead allowing the use of open sleeves or no sleeves at all, and/or tabulating votes on an Uncertified Voting System, infringed upon Plaintiffs' fundamental rights of equal protection, due

process, and/or free speech under the Washington State Constitution and/or United States Constitution and amendments;

b.      Because Defendant Bradrick failed to follow state and federal law with regard to, *inter alia*, ballot processing, ballot security and ballot tabulation, qualified electors were denied their fundamental right of suffrage without due process of law. Qualified electors who voted similarly had the value of their votes diluted, and the will of said voters denied, without due process of law;

c.      That the principles of equal protection require that Defendant Bradrick abide by the process created by the Legislature to ensure uniform treatment of ballots regardless of who cast them, the manner in which they are cast, and/or who or what was voted for upon those ballots;

d.      That Defendant Bradrick's conduct alleged herein abridged Plaintiffs' rights under the fourteenth amendment to the United States Constitution, which reads in relevant part:  "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state ... deny to any person within its jurisdiction the equal protection of the laws."  The requirements of the special "privileges or immunities" prohibition of WA State Const. Art. 1, § 12 are in most cases at least as stringent as those of the federal equal protection clause. *Hunter v. North Mason High Sch.,* 85 Wn.2d 810, 819 n. 9, 539 P.2d 845 (1975);

e.      That ballots from Whatcom County electors, including Plaintiffs herein, were not treated equally nor given equal levels of protection under the law; and,

f.      That Plaintiffs' state and/or federal Constitutional rights have been abridged as a proximate result of Defendant Bradrick's conduct as alleged herein.

59.      Plaintiffs are informed and believe, and thereon allege, that Defendant Bradrick disputes and denies the contentions set forth in subparagraphs (a) through (f) above.

VERIFIED COMPLAINT FOR EQUAL PROTECTION

60.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Defendant Bradrick, as they pertain to the Election and future elections in Whatcom County.

## XIII. INJUNCTIVE RELIEF BARRING FURTHER VIOLATIONS OF PLAINTIFFS' CONSTITUTIONAL RIGHTS

### (Citizen Plaintiffs v. Defendant Bradrick)

61.     Plaintiffs incorporate the allegations of paragraphs 1 through 60 above, as though fully set forth herein.

62.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Further, unless Defendant Bradrick is immediately and permanently restrained from taking any further actions in violation of Plaintiff's Constitutional rights, Plaintiffs will suffer irreparable injury in that, among other things, their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

63.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Defendant Bradrick from:

a)   Allowing, facilitating, or directing election staff or any other persons to tamper with ballots in any illegal fashion;

b)   Engaging in a campaign to mislead the public about wrongful acts;

c)   Failing to comply with lawful requests processed under the Public Records Act;

d)   Permitting unsecured ballot handling or processing;

e)   Using open sleeves; and/or

f)   Using an Uncertified Voting System.

VERIFIED COMPLAINT FOR EQUAL PROTECTION

## XIV. VIOLATIONS OF PLAINTIFFS' CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW

### 42 USC §1983, §1988

### (Citizen Plaintiffs v. Defendant Bradrick)

64.     Plaintiffs incorporate the allegations of paragraphs 1 through 63 above, as though fully set forth herein.

65.     Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (42 U.S.C. §1983).

66.     Defendant Bradrick's actions as alleged herein were done under color of state law.

67.     While acting under color of state law, and as a proximate result of Defendant Bradrick's conduct, Defendant Bradrick deprived Plaintiffs of their federal rights under, *inter alia*, the First and/or Fourteenth Amendments to the United States Constitution.

68.     Plaintiffs have incurred and will incur expenses of suit as a result of this proceeding, in an amount that cannot yet be ascertained, and reserve all rights to recovery under 42 U.S.C. Sections 1983 and 1988.

### XV. DEMAND FOR JURY TRIAL

69.     Defendant Bradrick's conduct alleged herein raises serious questions of fact. (RCW 4.44.090 [all questions of fact shall be decided by the jury].) Plaintiffs' right of trial by jury "shall remain inviolate". (Washington State Constitution, Art. 1, §21; US Constitution Amendment VII.) Plaintiffs hereby demand a jury trial.

## XVI. RELIEF SOUGHT

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1. That Defendant Bradrick be found in error and/or neglect for allowing ballot tampering during the Election;

2. That Defendant Bradrick be found in error and/or neglect for not providing or requiring secrecy envelopes for all ballots collected for the Election, regardless of ballot source;

3. That Defendant Bradrick be found in error and/or neglect for using an Uncertified Voting System for the Election;

4. That Defendant Bradrick be ordered to desist from the following errors and wrongful acts and facilitation thereof:

   a) Allowing, facilitating, or directing election staff or any other persons to tamper with ballots in any illegal fashion;

   b) Engaging in cover-up campaigns to mislead the public;

   c) Refusing to comply with lawful requests processed under the Public Records Act;

   d) Permitting unsecured ballot handling or processing;

   e) Using open sleeves; and/or,

   f) Using an Uncertified Voting System;

5. That Defendant Bradrick and/or Defendant Whatcom County be compelled and ordered to comply with WEiCU's records request and release to Plaintiff WEiCU a full and accurate copy of the electronic ballot image records and original paper ballots, along with spoiled ballots, adjudication records, ballot envelopes, and returned ballots for the Election for the purpose, *inter alia*, of an audit conducted by Jovan Hutton

VERIFIED COMPLAINT FOR EQUAL PROTECTION

Pulitzer, inventor of kinematic artifact detection and Maricopa county Arizona ballot auditor of 2020 General Election 2.1 million ballots;

6. For a declaration finding that the sleeve option of WAC 434-230-120 contradicts the clear legislative intent in RCW 29A.40.091(1) requiring a security envelope, and that Defendant Bradrick must comply with the plain language of RCW 29A.40.091(1) by sending each voter in Whatcom County a security envelope for each ballot cast regardless of ballot source.

7. For a declaration that Defendant Bradrick's actions violated Plaintiffs' Constitutional Rights to Equal Protection, Due Process, and/or Free Speech Under the Law (WA State Const., Art I, § 1, § 2, § 3, § 12, §19, §29 ; Art. VI, §6, US Const. Amendments I and/or XIV.)

8. For preliminary and permanent injunctive relief (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) enjoining Defendant Bradrick, her agents, employees, and all persons acting in concert with her, from any and all of the following actions, as Plaintiffs' remedies at law are inadequate, and Defendant Bradrick's conduct will cause Plaintiffs to suffer irreparable injury through continued violations of their Constitutional rights:

    a) Allowing, facilitating, or directing election staff or any other persons to tamper with ballots in any illegal fashion;

    b) Engaging in cover-up campaigns to mislead the public;

    c) Refusing to comply with lawful requests processed under the Public Records Act;

    d) Permitting unsecured ballot handling or processing;

VERIFIED COMPLAINT FOR EQUAL PROTECTION

    e)    Using open sleeves; and/or

    f)    Using an Uncertified Voting System.

9.      For damages for violation of Plaintiffs' constitutional rights under color of law (42 U.S.C. Sections 1983); and/or,

10.      For attorney's fees if counsel is retained, for costs of suit, and for such other and further relief as the Court deems just and proper.

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a WA State Nonprofit

Dated: 1-7-21

By: Tamborine Borrelli
Its: Director
Address: 13402 125th Ave NW
            Gig Harbor, WA 98329-4215
Phone:   253-375-1255

Dated: 1-8-2021

Darcy Lynn Hocker
Plaintiff, *Pro Se*
Address: 411 Flair Valley Ct.
            Maple Falls, WA 98266
Phone:   (360) 441-4652

Dated: 9-8-21

Joseph Grant
Plaintiff, *Pro Se*
Address: 2 Gray Birch Lane
            Bellingham, WA 98229
Phone: (425) 563-0460

VERIFIED COMPLAINT FOR EQUAL PROTECTION

Dated: _9/8/21_

_Evelyn Hopf_
Evelyn Hopf
Plaintiff, *Pro Se*
Address: 1516 Mitchell Ave.
              Blaine, WA 98230
Phone: (206) 799-2534

## VERIFICATIONS

I, Tamborine Borrelli, declare:

I am the Director of Washington Election Integrity Coalition United, a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce, State of Washington, on this _____ day of September, 2021.

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a WA State Nonprofit

By: Tamborine Borrelli
Its: Director

I, Darcy Lynn Hocker, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that

the foregoing is true and correct and that this document was executed in the County of Whatcom, State of Washington, on this _10th_ day of _September_ 2021.

_Darcy Hocker_
Darcy Lynn Hocker

I, Joseph Grant, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Whatcom, State of Washington, on this _8_ day of _September_, 2021.

_Joseph Grant_
Joseph Grant

I, Evelyn Hopf, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that

VERIFIED COMPLAINT FOR EQUAL PROTECTION

the foregoing is true and correct and that this document was executed in the County of Whatcom, State of Washington, on this ___8th___ day of ___September___, 2021.

_Evelyn Hopf_
Evelyn Hopf

VERIFIED COMPLAINT FOR EQUAL PROTECTION