The Honorable Theresa L. Fricke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DARCY LYNN HOCKER; JOSEPH GRANT; EVELYN HOPF,<br><br>Plaintiff,<br><br>v.<br><br>DIANA BRADRICK, Whatcom County Auditor; WHATCOM COUNTY, and DOES 1 through 30, inclusive,<br><br>Defendants. | No.: 2:21-cv-01386<br><br>DEFENDANT DIANA BRADRICK, WHATCOM COUNTY AUDITOR, WHATCOM COUNTY, ANSWER TO COMPLAINT |

COME NOW, Defendants, Diana Bradrick, Whatcom County Auditor, and Whatcom County, by and through Civil Deputy Prosecutor, Royce Buckingham, their counsel of record, and hereby answer Plaintiff's Complaint as follows:

**I. PARTIES**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the facts of said paragraph and therefore deny the same.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the facts of said paragraph and therefore deny the same.

On March 26, 2021, Whatcom County received an email purporting to be from Tamborine Borrelli. The email requested records for ballots and ballot images for the Whatcom County Election.

3. In answer to Paragraph 3, admit.

4. In answer to Paragraph 4, admit.

## II. OVERVIEW

5. Defendants deny that Diana Bradrick is responsible for conducting the Election in Whatcom County in violation of, *inter alia*, Plaintiffs' equal protection, due process, and free speech rights.

As to the remainder of this paragraph, it contains numerous conclusory statements, which are not factual allegations and are denied. To the extent that the paragraph does contain factual allegations, defendants are without knowledge or information sufficient to form a belief as to their truth and therefore deny the same.

## III. JURISDICTION, VENUE, LIMITATIONS

6. This paragraph contains no factual allegations, and Defendants need not affirm or deny the paragraph.

7. Defendants do not admit that venue is proper, and Defendants need not affirm or deny the remainder of the paragraph as it does not contain factual allegations.

8. The paragraph contains no factual allegations, and Defendants deny the legal allegation.

9. This paragraph contains no factual allegations, and Defendants therefore deny.

## IV. WRONGFUL ACTS: BALLOT TAMPERING

**RCW 29.A.28.013(1) and/or (2)**

**(Citizen Plaintiffs v. Defendant Bradrick)**

10. Denied

11. Denied.

12. Denied.

13. Denied.

### V. WRONGFUL ACTS: MISLEADING STATEMENTS

**RCW 29A.28.013(1) and/or (2)**

**(Citizen Plaintiffs v. Defendant Bradrick)**

14. Defendants reiterate their responses above.

15. Denied.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of said paragraph and therefore deny the same.

17. Defendants admit that Whatcom County Auditor Diana Bradrick posted information at https://www.whatcomcounty.us/3731/Integrity-and-Transparency to the Whatcom County Auditor's website regarding ballot markings and control numbers. Any other allegations against Defendants are denied.

18. Denied.

19. Defendants admit that Diana Bradrick asserted the ballots were a group of ballots that were "downloaded and printed by voters from VoteWA.gov. These ballots are multiple pages and cannot be tabulated in that format. The worker assigns a control number which is hand-written on the bottom of the ballot. This same number will be written on the top of the duplicated ballot. The control number allows for tracking and

verification that the ballot was duplicated properly." To the extent this paragraph contains any other allegations against these Defendants, they are denied.

### VI. PUBLIC RECORDS ACTON TO COMPEL BALLOT PRODUCTION
### RCW 29A.68.013(1) and/or (2); RCW 42.56.550; RCW 29A.60.110
### (Plaintiff WEICU v. Defendants Bradrick and Whatcom County)

20. Defendants reiterate their responses above.

21. This paragraph contains no factual allegations against the Defendants, and Defendants deny the same.

22. Defendants admit that Tamborine Borrelli submitted a records request to Whatcom County on March 26, 2021 for ballots from the 2020 November election.

23. Defendants admit that Whatcom County denied Borrelli's records request, citing RCW 42.56, RCW 29A.60.110, and White v. Clark County, 199 Wn.App. 929 (2017).

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

### VII. WRONGFUL ACTS; OPEN AND MISSING SLEEVES ALLOW FOR UNFETTERED ACCESS TO BALLOTS

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Defendant Bradrick)

29. Defendants reiterate their responses above.

30. Denied.

31. This paragraph contains no factual allegations against these Defendants, and to the extent it contains any allegations against these Defendants, they are denied.

32. In answer to Paragraph 32, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of sentences one and two and therefore deny the same. Sentences three and four are denied.

33. Denied.

### VIII. DECLARATORY RELIEF BARRING USE OF OPEN SLEEVES

### (Citizen Plaintiffs v. Defendant Bradrick)

34. Defendants reiterate their responses above.

35. Defendants admit that RCW 29A.40.091(1) states, in part:

> The county auditor shall send each voter a ballot, a security envelope in which to conceal the ballot after voting, a larger envelope in which to return the security envelope, a declaration…

WAC 434-230-120 does not exist. WAC 434-230-130 states, in part:

> Mail-in ballots must be accompanied by the following:
> (1) A security envelope or sleeve, which may not identify the voter and must have a hole punched in a manner that will reveal whether a ballot is inside;

36. Denied.

37. Defendants admit that Diana Bradrick denies the allegations set forth in paragraph 36.

38. Denied.

### IX. WRONGFUL ACTS: USE OF UNCERTIFIED VOTING SYSTEM

### RCW 29a.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Defendant Bradrick)

39. Defendants reiterate their responses above.

40. Denied.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of said paragraph and therefore deny the same.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of said paragraph and therefore deny the same.

43. Denied.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of said paragraph and therefore deny the same.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations of said paragraph and therefore deny the same.

46. Denied.

**X. DECLARATORY RELIEF REGARDING USE OF UNCERTIFIED VOTING SYSTEM**
**(Citizen Plaintiffs v. Defendant Bradrick)**

47. Defendants reiterate their responses above.

48. Denied.

49. Defendants admit that Diana Bradrick denies the allegations set forth in paragraphs 40-46.

50. Denied.

**XI. EQUITABLE RELEIF BARRING USE OF UNCERTIFIED VOTING SYSTEM**
**(Citizen Plaintiffs v. Defendant Bradrick)**

51. Defendants reiterate their responses above.

52. Denied.

53. Denied.

## XII. DECLARATORY RELIEF FOR VIOLATIONS OF PLAINTIFFS' CONSTITUTIONAL RIGHTS
## WA STATE CONSTITUTION ART. I, § 1, § 2, § 3, § 12, § 19, § 29; ART. VI, § 6, US CONSTITUTION AMENDMENTS I, XIV
### (Citizen Plaintiffs v. Diana Bradrick)

54. Defendants reiterate their responses above.

55. Defendants admit that Article I, section 19 of the Washington State Constitution states:

> *Section 19 - Freedom of Elections*
>
> All Elections shall be free and equal, and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage.

56. Defendants admit that Article I of the Washington State Constitution states, in part:

> *Section 2 - Supreme Law of the Land*
>
> The Constitution of the United States is the supreme law of the land
>
> *Section 29 - Constitution Mandatory*
>
> The provisions of this Constitution are mandatory, unless by express words they are declared to be otherwise.

57. Defendants admit that Article I, section 3 of the Washington State Constitution states:

> *Section 3*
>
> Personal Rights No person shall be deprived of life, liberty, or property, without due process of law.

58. In answer to Paragraph 58 a.-f., to the extent they contain any allegations against these Defendants, they are denied.

59. Defendants admit that Diana Bradrick denies any allegations set forth in paragraphs (a) through (f).

60. Denied.

### XII. INJUNCTIVE RELIEF BARRING FURTHER VIOLATIONS OF PLAINTIFFS CONSTITUTIONAL RIGHTS
(Citizen Plaintiffs v. Defendant Bradrick)

61. Defendants reiterate their responses above.

62. Denied.

63. Denied.

### XIV. VIOLATIONS OF PLAINTIFFS' CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW
### 42 USC §1983, §1988
(Citizen Plaintiffs v. Defendant Bradrick)

64. Defendants reiterate their responses above.

65. Defendants admit that paragraph 65 quotes, in part, 42 U.S.C., section 1983.

66. In answer to paragraph 68, Defendants are without knowledge or information sufficient to form a belief as to the truth of the facts of said paragraph and therefore deny.

67. Denied.

68. In answer to paragraph 68, Defendants are without knowledge or information sufficient to form a belief as to the truth of the facts of said paragraph and therefore deny.

### XV. DEMAND FOR JURY TRIAL

69. Defendants deny that Diana Bradrick's conduct alleged herein raises serious questions of fact. Defendants acknowledge that Plaintiff intends to demand a jury trial.

### XVI. RELIEF SOUGHT

1-10  Defendants deny Plaintiff is entitled to the relief sought, and deny Plaintiff is entitled to judgment sought in these paragraphs.

BY WAY OF FURTHER ANSWER and AFFIRMATIVE DEFENSES, Defendants allege:

1. The Plaintiff has failed to state claim upon which relief can be granted.
2. Contrary to public policy.
3. Claims are barred by RCW 29A.68.011, 29A.68.013, estoppel, laches and/or waiver. Expiration of time to file.
4. Plaintiff's lack standing.
5. Alleged venue is improper.
6. Plaintiffs have shown no injury or damages.
7. Plaintiff's claims are moot.

Defendants expressly reserve the right to amend this Answer, including the addition of affirmative defenses warranted by investigation and discovery, and to make such amendments either before or during trial, including asserting other defense theories or conforming the pleadings to the proof offered at the time of trial.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff's matter be dismissed.
2. That FRCP 11 sanctions be granted.

DATED this 15th day of October, 2021

/S/ Royce Buckingham *electronic signature*
ROYCE BUCKINGHAM, WSBA #22503
Civil Deputy Prosecuting Attorney
*for* Defendants Diana Bradrick, Whatcom County Auditor, Whatcom County
Whatcom County Prosecuting Attorney
311 Grand Ave Suite 201
Bellingham, WA 98225
360.778.5710
rbucking@co.whatcom.wa.us

## DECLARATION OF SERVICE

I hereby certify that on the 15th day of October, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-Filing system and caused to be delivered a copy of which to the following parties by First Class Postage Prepaid Mail at the addresses indicated:

Washington Election Integrity Coalition United
Director Tamborine Borrelli.
13402 125th Ave NW
Gig Harbor, WA 98329-4215

Darcy Lynn Hocker
411 Flair Valley Ct.
Maple Falls, WA 98266

Joseph Grant
2 Gray Birch Lane
Bellingham, WA 98229

Evelyn Hopf
1516 Mitchell Ave.
Blaine, WA 98230

Attorneys for WA State Democratic Party
Kevin J. Hamilton
Amanda J. Beane
Reina A. Almon-Griffin
Nitika Arora
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is a true and correct statement.

Signed at Bellingham, WA.

/S/ Megan K. Winter *electronic signature*
Megan K Winter, Paralegal
Whatcom County Prosecuting Attorney