# EXHIBIT A

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a Washington State
Nonprofit Corporation; DARCY LYNN
HOCKER; JOSEPH GRANT; EVELYN HOPF,

                Plaintiffs,

    v.

DIANA BRADRICK, Whatcom County Auditor;
WHATCOM COUNTY, and DOES 1-30,
inclusive,

                Defendants,

    and

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE,

                Proposed Intervenor
                Defendant.

No. 2:21-cv-01386-RAJ

WASHINGTON STATE
DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED]
ANSWER

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER (NO. 2:21-cv-01386-RAJ) – 1
15934.0024\154392851.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER**

Proposed Intervenor Defendant Washington State Democratic Central Committee ("WSDCC") by and through its attorneys, submits the following Answer to Plaintiffs' Complaint (the "Complaint"). WSDCC responds to the allegations in the Complaint as follows:

## I.     PARTIES

1.      Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, and therefore denies the same.

2.      Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 2, and therefore denies the same.

3.      Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, and therefore denies the same.

4.      Paragraph 4 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

## II.     OVERVIEW

5.      Proposed Intervenor denies the first sentence of paragraph 5. Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations that WEiCU issued a records request for ballots, and therefore denies the same. The remaining allegations in Paragraph 5 are mere

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER (NO. 2:21-cv-01386-RAJ) – 2
15934.0024\154392851.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

### III.   JURISDICTION, VENUE, LIMITATIONS

6.      Paragraph 6 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

7.      Paragraph 7 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

8.      Paragraph 8 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

9.      Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and therefore denies the same.

### IV.   WRONGFUL ACTS: BALLOT TAMPERING
### RCW 29A.28.013(1) and/or (2)
#### (Citizen Plaintiffs v. Defendant Bradrick)

10.     Proposed Intervenor denies the allegations in Paragraph 10.

11.     Proposed Intervenor denies the allegations in Paragraph 11.

12.     Proposed Intervenor denies the allegations in Paragraph 12.

13.     Proposed Intervenor denies the allegations in Paragraph 13.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER (NO. 2:21-cv-01386-RAJ) – 3
15934.0024\154392851.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## V.     WRONGFUL ACTS: MISLEADING STATEMENTS
### RCW 29A.28.013(1) and/or (2)
### (Citizen Plaintiffs v. Defendant Bradrick)

14.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

15.     Proposed Intervenor denies the allegations in Paragraph 15.

16.     The video cited in Paragraph 16 speaks for itself.

17.     The video cited in Paragraph 17 speaks for itself.

18.     Proposed Intervenor denies the allegations in Paragraph 18.

19.     The statement posted on Whatcom County's website, available at https://whatcomcounty.us/3731/Integrity-and-Transparency, speaks for itself. Proposed Intervenor denies each other or different allegation and the second sentence of Paragraph 19.

## VI.     PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION
### RCW 29A.68.013(1) and/or (2); RCW 42.56.030; RCW 42.56.550; RCW 29A.60.110
### (Plaintiff WEiCU v. Defendants Bradrick and County)

20.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

21.     Paragraph 21 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

22.     Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 22, and therefore denies the same.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER (NO. 2:21-cv-01386-RAJ) – 4
15934.0024\154392851.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

23.     Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 23, and therefore denies the same.

24.     Paragraph 24 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

25.     Paragraph 25 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

26.     Paragraph 26 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

27.     Paragraph 27 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

28.     Proposed Intervenor denies the allegations in Paragraph 28.

### VII.     WRONGFUL ACTS: OPEN AND MISSING SLEEVES ALLOW FOR UNFETTERED ACCESS TO BALLOTS

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Defendant Bradrick)

29.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

30.     Proposed Intervenor denies the allegations in Paragraph 30.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER (NO. 2:21-cv-01386-RAJ) – 5
15934.0024\154392851.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

31.     Paragraph 31 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

32.     Proposed Intervenor denies the allegations in Paragraph 32.

33.     Proposed Intervenor denies the allegations in Paragraph 33.

## VIII.   DECLARATORY RELIEF BARRING USE OF OPEN SLEEVES

### (Citizen Plaintiffs v. Defendant Bradrick)

34.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

35.     Paragraph 35 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenories denies the allegations.

36.     Proposed Intervenor denies the allegations in Paragraph 36.

37.     Paragraph 37 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

38.     Proposed Intervenor denies the allegations in Paragraph 38.

## IX.     WRONGFUL ACTS: USE OF UNCERTIFIED VOTING SYSTEM

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs and Defendant Bradrick)

39.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

40.     Proposed Intervenor denies the allegations in Paragraph 40.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER (NO. 2:21-cv-01386-RAJ) – 6
15934.0024\154392851.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

41.     Paragraph 41 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

42.     Paragraph 42 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

43.     Proposed Intervenor denies the allegations in Paragraph 43.

44.     Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 44, and therefore denies the same. Proposed Intervenor denies the second sentence in Paragraph 44.

45.     Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 45, and therefore denies the same.

46.     Proposed Intervenor denies the allegations in Paragraph 46.

## X.     DECLARATORY RELIEF REGARDING USE OF UNCERTIFIED VOTING SYSTEM

### (Citizen Plaintiffs v. Defendant Bradrick)

47.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuring paragraphs as if fully set forth herein.

48.     Proposed Intervenor denies the allegations in Paragraph 48.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER (NO. 2:21-cv-01386-RAJ) – 7
15934.0024\154392851.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

49.     Paragraph 49 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

50.     Proposed Intervenor denies the allegations in Paragraph 50.

## XI.     EQUITABLE RELIEF BARRING USE OF UNCERTIFIED VOTING SYSTEM

### (Citizen Plaintiffs v. Defendant Bradrick)

51.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuring paragraphs as if fully set forth herein.

52.     Proposed Intervenor denies the allegations in Paragraph 52.

53.     Proposed Intervenor denies the allegations in Paragraph 53.

## XII.     DECLARATORY RELIEF FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS WA STATE CONSTITUTION ART. I, § 1, § 2, § 3, § 12, § 19, § 29; ART. VI, § 6, US CONSTITUTION AMENDMENTS I, XIV

### (Citizen Plaintiffs v. Defendant Bradrick)

54.     Proposed Intervenor incorporates by reference all of is responses in the preceding and ensuing paragraphs as if fully set forth herein.

55.     Paragraph 55 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

56.     Paragraph 56 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER (NO. 2:21-cv-01386-RAJ) – 8
15934.0024\154392851.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

57. Article I Section 3 of the Washington State Constitution speaks for itself.

58. Proposed Intervenor denies the allegations in Paragraph 58.

59. Proposed Intervenor denies the allegations in Paragraph 59.

60. Proposed Intervenor denies the allegations in Paragraph 60.

## XIII. INJUNCTIVE RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS

### (Citizen Plaintiffs v. Auditor)

61. Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

62. Proposed Intervenor denies the allegations in Paragraph 62.

63. Proposed Intervenor denies the allegations in Paragraph 63.

## XIV. DAMAGES FOR CIVIL RIGHTS VIOLATIONS

### 42 USC § 1983, § 1988

### (Citizen Plaintiffs v. Auditor)

64. Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

65. 42 U.S.C. § 1983 speaks for itself.

66. Paragraph 66 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

67. Proposed Intervenor denies the allegations in Paragraph 67.

68. Proposed Intervenor denies the allegations in Paragraph 68.

## XV. DEMAND FOR JURY TRIAL

69. Proposed Intervenor denies the allegations in Paragraph 69.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER (NO. 2:21-cv-01386-RAJ) – 9
15934.0024\154392851.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## XVI.   RELIEF SOUGHT

2

WHEREFORE, Proposed Intervenor respectfully requests that this Court:

3

A.      Deny that Plaintiffs are entitled to any relief;

4

B.      Dismiss the complaint in its entirety, with prejudice;

5

C.      Award Proposed Intervenor its attorneys' fees, costs, and expenses incurred in

6

this action; and

7

D.      Grant such other and further relief as the Court may deem just and proper.

8

## DEFENSES AND AFFIRMATIVE DEFENSES

9

Proposed Intervenor sets forth its affirmative defenses without assuming the burden of

10

proving any fact, issue, or element of a cause of action where such burden properly belongs

11

to Plaintiff. Moreover, nothing stated here is intended or shall be construed as an admission

12

that any particular issue or subject matter is relevant to the allegations in the Complaint.

13

Proposed Intervenor reserves the right to amend or supplement its affirmative defenses as

14

additional facts concerning defenses become known.

15

Proposed Intervenor alleges as follows:

16

1.   Plaintiffs lack standing to bring their claims.

17

2.   Plaintiffs' claims are barred by RCW 29A.68.011 and 29A.68.013, laches, estoppel,

18

and/or waiver.

19

3.   Plaintiffs' claims are moot.

20

4.   Plaintiffs fail to state a claim upon which relief can be granted.

21

22

23

24

25

26

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]

27

ANSWER (NO. 2:21-cv-01386-RAJ) – 10

15934.0024\154392851.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Dated:  October 27, 2021

s/ Kevin J. Hamilton
Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie.com
Amanda J. Beane, WSBA No. 33070
ABeane@perkinscoie.com
Reina A. Almon-Griffin, WSBA No. 54651
RAlmon-Griffin@perkinscoie.com
Nitika Arora, WSBA No. 54084
NArora@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone 206.359.8000
Facsimile 206.359.9000

*Attorneys for Proposed Intervenor Washington
State Democratic Central Committee*

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER (NO. 2:21-cv-01386-RAJ) – 11
15934.0024\154392851.1

# EXHIBIT B

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a Washington State
Nonprofit Corporation; DARCY LYNN
HOCKER; JOSEPH GRANT; EVELYN HOPF,

Plaintiffs,

v.

DIANA BRADRICK, Whatcom County Auditor;
WHATCOM COUNTY, and DOES 1-30,
inclusive,

Defendants,

and

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE,

Proposed Intervenor
Defendant.

No. 2:21-cv-01386-RAJ

DECLARATION OF TINA
PODLODWOSKI IN SUPPORT OF
WASHINGTON STATE
DEMOCRATIC CENTRAL
COMMITTEE'S MOTION TO
INTERVENE

DECLARATION OF TINA PODLODOWSKI (NO.
2:21-CV-01386-RAJ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15934.0024\154391522.1

# DECLARATION OF TINA PODLODOWSKI

I, Tina Podlodowski, do hereby declare:

1.      I am the current State Party Chair of the Washington State Democratic Party. I have held that title since I was elected to my first term as Chair in 2017.

2.      The Washington State Democratic Central Committee ("WSDCC") is the governing body of the Washington State Democratic Party, made up of two people of different gender identities from each Legislative District and County. Specifically, the WSDCC has 176 State Committee Members from 88 different Local Party Organizations, including 49 Legislative District and 39 County organizations. It holds three annual meetings, nominates and endorses local candidates, recruits and manages precinct committee officers, passes resolutions, and campaigns for local candidates.

3.      The WSDCC works to elect Democrats, uphold Democratic values, and support Democrat voters and candidates across the state.

4.      As part of its work to uphold Democratic values, the WSDCC fights for equal access to the franchise because we believe that the right to vote is the foundation of democracy. The WSDCC believes that our government is stronger if every voice is heard and that injustice in our election system means many communities, especially communities of color and the disability community, are not being fairly represented by government.

5.      The WSDCC believes that conservative groups have resorted to making unsupported claims of voter and election fraud to mislead voters. The WSDCC is committed to fighting back against this rhetoric, and against any attempts to restrict the right to vote based on these groundless assertions.

6.      Groups like the Washington Election Integrity Coalition United ("WEiCU") suggest that fraud is perpetrated by or to benefit Democratic election officials. To fulfill its mission of supporting Democratic voters and candidates, the WSDCC must be able to defend its candidates' victories and reputations against the WEiCU's allegations.

DECLARATION OF TINA PODLODOWSKI
(No. 2:21-cv-01386-RAJ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15934.0024\154391522.1

1

**I declare under penalty of perjury that the foregoing is true and correct.**

2

3

Dated: October 27, 2021

4
Tina Podlodowski
Washington State Democratic Central
5
Committee

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF TINA PODLODOWSKI
(No. 2:21-cv-01386-RAJ) –3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# EXHIBIT C

THE HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a Washington State
Nonprofit Corporation; DARCY LYNN
HOCKER; JOSEPH GRANT; EVELYN HOPF,

        Plaintiffs,

    v.

DIANA BRADRICK, Whatcom County Auditor;
WHATCOM COUNTY, and DOES 1-30,
inclusive,

        Defendants,

    and

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE,

        Proposed Intervenor
        Defendant.

No. 2:21-cv-01386-RAJ

DECLARATION OF AMANDA J.
BEANE IN SUPPORT OF
WASHINGTON STATE
DEMOCRATIC CENTRAL
COMMITTEE'S MOTION TO
INTERVENE

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DECLARATION OF AMANDA J. BEANE (NO.
2:21-CV-01386-RAJ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15934.0024\154388967.1

1

**DECLARATION OF AMANDA J. BEANE**

2

I, Amanda J. Beane, do hereby declare:

3

1.      I am counsel for Proposed Intervenors the Washington State Democratic Central

4

Committee ("WSDCC") in this matter and am fully familiar with all facts declared herein.

5

2.      On October 26, 2021, I met and conferred via telephone with counsel for

6

Defendants, Royce Buckingham, regarding the WSDCC's Motion to Intervene in this matter.

7

Mr. Buckingham represented to me that Defendants do not object to the WSDCC's intervention in

8

this action.

9

3.      On October 26, 2021, I met and conferred with Virginia Shogren, counsel for the

10

Washington Election Integrity Coalition United ("WEiCU") via telephone. We discussed

11

WSDCC's Motion to Intervene and WEiCU's reasons for opposing it. We agreed that no resolution

12

could be reached that would alleviate the need for the WSDCC to file its Motion to Intervene.

13

14

**I declare under penalty of perjury that the foregoing is true and correct.**

15

Dated: October 27, 2021

16

*/s Amanda J. Beane*
_____
Amanda J. Beane

17

PERKINS COIE LLP
1201 Third Avenue Suite 4900

18

Seattle, WA 98101-3099

19

*Attorney for the Washington State Democratic*
*Central Committee*

20

21

22

23

24

25

26

DECLARATION OF AMANDA J. BEANE
(NO. 2:21-cv-01386-RAJ) –2

15934.0024\154388967.1

# EXHIBIT D

1

THE HONORABLE RICHARD A. JONES

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9 WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a Washington State
10 Nonprofit Corporation; DARCY LYNN
HOCKER; JOSEPH GRANT; EVELYN HOPF,
11
                        Plaintiffs,
12
          v.
13
DIANA BRADRICK, Whatcom County Auditor;
14 WHATCOM COUNTY, and DOES 1-30,
inclusive,
15
                        Defendants,
16
          and
17
WASHINGTON STATE DEMOCRATIC
18 CENTRAL COMMITTEE,
19
                   Proposed Intervenor
                   Defendant.
20

No. 2:21-cv-01386-RAJ

PROPOSED INTERVENOR
DEFENDANT WASHINGTON
STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED]
MOTION TO DISMISS

21

22

23

24

25

26

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS (NO. 2:21-CV-01386-RAJ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15934.0024\154386173.1

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION .................................................................................................. 1

II.   BACKGROUND .................................................................................................. 4

III.  ARGUMENT ....................................................................................................... 7

      A.   Legal Standard ........................................................................................... 7

      B.   This Election Contest is Untimely Under RCW 29A.68.013 .................... 8

      C.   Plaintiffs Lack Standing .......................................................................... 10

           1.   Plaintiffs Have Not Suffered an Injury in Fact ........................... 11

           2.   Plaintiffs Injury is not Redressable ............................................. 15

      D.   Plaintiffs' Claims Fail Due to Mootness ................................................ 16

      E.   Laches Bars Plaintiffs' Claims ............................................................... 17

      F.   Plaintiffs Fail to State a Claim ............................................................... 18

           1.   Plaintiffs' Election Contest Fails ................................................ 18

           2.   Plaintiffs' Claims Under the PRA Fail ....................................... 19

           3.   Plaintiffs' Remaining Claims Fail .............................................. 20

IV.   CONCLUSION .................................................................................................. 23

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I.    INTRODUCTION

"Unless an election is clearly invalid, when the people have spoken, their verdict should not be disturbed by the courts." *Dumas v. Gagner*, 137 Wn. 2d 268, 283, 971 P.2d 17 (1999) (citations omitted). The people of Washington have spoken. Four million Washingtonians voted in the November 2020 General Election. That election has been audited pursuant to state law, certified by county election officials, and certified by Washington's Secretary of State. Certificates of Election have been issued to all of the prevailing candidates, all of whom have been sworn in and have held office since January 8, 2021.

Now, nearly a full year after the election, the Washington Election Integrity Coalition United ("WEiCU") and several individual *pro se* voters filed this election contest raising entirely unsupported and fantastical allegations, seeking to call into question the legitimacy of Washington's November 2020 Election and question the integrity of the Whatcom County ("the County") Auditor, Diana Bradrick, and the County's election officials. Plaintiffs ask the Court to declare that the County broke Washington law and violated the Washington and U.S. Constitution, and to bar the County from doing so moving forward. Plaintiffs also ask for an extra-legal license to "audit" the County's election department and assert that they should be permitted to inspect sealed ballots from the 2020 election. But their claims fail as a matter of law, their extraordinary and sweeping relief is not justified, and their Complaint should be dismissed with prejudice.

At the outset, while Plaintiffs state they do not wish to de-certify any election and even fail to challenge the election of a particular candidate, Plaintiffs' challenge is, at bottom, an election contest (although a time-barred, vague and patently insufficient one). Their Complaint can and should be dismissed on this basis alone, because Plaintiffs are far beyond the narrow ten-day statute of limitations applicable to such claims. *See* RCW 29A.68.011;

WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S [PROPOSED] MOTION TO DISMISS (No. 2:21-cv-01386-RAJ) – 1

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

29A.68.013. This flaw independently precludes this Court (or any court) from exercising jurisdiction over any of Plaintiffs' claims.

Even if this action were deemed not to be an "election contest" under RCW 29A.68.011 or 29A.68.013, whatever it is, Plaintiffs' delay in filing this claim also warrants application of the equitable doctrine of laches, which moots their claims.

Plaintiffs in any event lack standing to bring this action, as they have not suffered any personal injury, nor have they requested any relief that would redress the supposed fraud that they allege occurred last November. Instead, Plaintiffs stitch together a series of perceived election irregularities that would have taken a statewide conspiracy to accomplish. Their baseless assertions do not state any cognizable legal claim. Plaintiffs fail to assert the most basic essential requirement for a cognizable election contest: that the outcome of Washington's November 2020 Election was changed as a result of the County's alleged misconduct. Plaintiffs' sparse and implausible facts also fall far short of that required by Federal Rule of Civil Procedure Rule ("FRCP") 8(a), much less the *heightened* pleading requirements for claims sounding in fraud under FRCP 9(b)—or their state law counterparts.

This election contest is one in a long line of lawsuits promoting conspiracy theories of election and voter fraud that have been thoroughly debunked. Not one of those election contests was successful, ultimately resulting in at least 60 courtroom losses for the Trump Campaign and other groups seeking his reelection or to otherwise challenge the outcome of the 2020 General Election. William Cummings et al., *By the numbers: President Donald Trump's failed efforts to overturn the election*, USA NEWS TODAY (Jan. 6, 2021, 7:50 PM), https://www.usatoday.com/in-depth/news/politics/elections/2021/01/06/trumps-failed-efforts-overturn-election-numbers/4130307001/. Despite those 60 lawsuits, Georgia counting their ballots three times, and a Republican-led audit in Arizona, the results of the November

WASHINGTON STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED] MOTION TO
DISMISS (No. 2:21-cv-01386-RAJ) – 2

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2020 General Election never changed. Chandelis Duster, *Georgia reaffirms Biden's victory for 3rd time after recount, dealing major blow to Trump's attempt to overturn the results*, CNN (Dec. 7, 2020, 5:23 PM), https://www.cnn.com/2020/12/07/politics/georgia-recount-recertification-biden/index.html; Jack Healy et al., *Republican Review of Arizona Vote Fails to Show Stolen Election*, N.Y. TIMES (Sept. 30, 2020), https://www.nytimes.com/2021/09/24/us/arizona-election-review-trump-biden.html. President Joseph Biden was inaugurated on January 20, 2020, having received more than 81 million votes (more than any President in American history). Jemima McEvoy, *Biden Wins More Votes Than Any Other Presidential Candidate In U.S. History*, FORBES (Nov. 4, 2020, 1:18 PM), https://www.forbes.com/sites/jemimamcevoy/2020/11/04/biden-wins-more-votes-than-any-other-presidential-candidate-in-us-history/?sh=131798867c3a.

This lawsuit is entirely unfounded and appears to be little more than a coordinated political attack on the integrity of Washington elections.[1] It is plainly barred as a matter of law and should be promptly dismissed with prejudice.

---

[1] This lawsuit is one of several copycat lawsuits filed across Washington State. Lawsuits against Clark, King, Snohomish, Thurston, and Pierce counties were originally filed in state superior court, but have since been removed to this Court. *Washington Election Integrity Coalition Untied et al. v. Anderson*, 3:21-cv-05726-RAJ (Oct. 1, 2021), ECF No. 1; *Washington Election Integrity Coalition United et al. v. Fell*, No. 2:21-cv-1354-RAJ (Oct. 4, 2021), ECF No. 1; *Washington Election Integrity Coalition United et al. v. Kimsey*, No. 3:21-cv-05746-RAJ (Oct. 7, 2021), ECF No. 1; *Washington Election Integrity Coalition United et al. v. Wise*, No. 2:21-cv-01394-RAJ (Oct. 13, 2021), ECF No. 1; *Washington Election Integrity Coalition United et al. v. Hall*, 3:21-cv-05787-BHS (Oct. 22, 2021), ECF No. 1. Two lawsuits, in Franklin and Lincoln counties, remain in state court. *Washington Election Integrity Coalition United et al. v. Beaton*, No. 21-2-50572-11 (Oct. 5, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Schumacher*, No. 21-2-00042-22 (Oct. 4, 2021), DKT 1. Each of the lawsuits was filed by the "Washington Election Integrity Coalition United" and a county-specific collection of *pro se* voters, apparently recruited for this purpose. *See* Associated Press, *Lawsuits claiming 2020 ballots were manipulated come to WA*, SEATTLE TIMES (Sept. 21, 2021, 10:36 AM), https://www.seattletimes.com/seattle-news/politics/lawsuits-claiming-2020-ballots-were-manipulated-come-to-washington/; Shari Phiel, *Lawsuits Filed in Three Washington Counties Claim Votes Were 'Flipped'*, THE CHRONICLE, https://www.chronline.com/stories/lawsuits-filed-in-three-washington-counties-claim-votes-were-flipped,273108.

---

WASHINGTON STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED] MOTION TO
DISMISS (No. 2:21-cv-01386-RAJ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15934.0024\154386173.1

## II.    BACKGROUND

Over four million Washingtonians cast their ballots in Washington's November 2020 General Election. *Elections and Voting*, Secretary of State: Kim Wyman, https://results.vote.wa.gov/results/20201103/president-vice-president.html (last visited Oct. 3, 2021).That election was audited pursuant to state law and certified by county election officials. *See* RCW 29A.60.185. The Secretary of State certified the election results on December 3, 2020, declaring victory for numerous Washington State Democratic Central Committee ("WSDCC") candidates across the State. *Elections and Voting*, Secretary of State: Kim Wyman, https://results.vote.wa.gov/results/20201103/president-vice-president.html (last visited Oct. 3, 2021). Certificates of Election have been issued to all of the prevailing candidates, all of whom have been sworn in and have held office since January 8, 2021. *See* RCW 29A.52.370; Jasmyne Keimig, *The 2021 Legislative Session Kicks Off With Virtual Swearing-In Ceremonies*, The Stranger (Jan. 8, 2020), https://www.thestranger.com/slog/2021/01/08/54577174/the-2021-legislative-session-kicks-off-with-virtual-swearing-in-ceremony.

Now, nearly a *year* after the election, Plaintiff WEiCU filed this election contest, asserting that widespread election fraud occurred during Washington's November 2020 General Election. WEiCU describes itself as a nonprofit corporation operating out of Pierce County, Washington. Compl. ¶ 2. WEiCU does not describe its mission, who its members are, or how it has any interest in filing this lawsuit.

Together, without explaining the factual basis for their claims, Plaintiffs assert that the County Auditor engaged in widespread "election fraud" by: tampering with ballots, failing to properly use ballot sleeves, using an uncertified voting system, and giving misleading statements to cover up her misdeeds. *Id.* ¶¶ 10–13, 14–19, 29–33, 39–46. Plaintiffs further

WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S [PROPOSED] MOTION TO DISMISS (No. 2:21-cv-01386-RAJ) – 4

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

allege that they attempted to serve the County with a public records request under Washington's Public Record Act ("PRA") so that they could inspect ballots from the 2020 election, but that the County denied their request. *Id.* ¶ 22. Plaintiffs challenge the County's actions under Washington's election contest statutes, contend that the County violated the PRA, and allege an assortment of constitutional claims under the Washington and U.S. Constitutions. *Id.* ¶¶ 20–28.

Despite its long-winded (and entirely unsupported) accusations, Plaintiff WEiCU does not identify a single member in its organization who was unable to vote, whose ballot was not kept secret or secure, whose vote was not counted, whose vote was "tampered" with, or who suffered any other kind of identifiable harm. Not one. The individual Plaintiffs, for their part, fail to allege that they were aggrieved in a discernable way by any of the County's actions. Indeed, the individual Plaintiffs do not even complain that they voted for a candidate who lost his or her election, or that they voted for write-in candidate Joshua Freed (whose ballots they allege were "ripe" for "tampering"). *Id.* ¶ 12.  Plaintiffs do not claim that any of the County's actions affected enough ballots to change the results of the election. Indeed, Plaintiffs concede that they are not contesting the election of *any* candidate elected to office and explicitly state that they are not asking to de-certify the election. *Id.* ¶ 8.

Plaintiffs fall far short of alleging plausible facts to justify their claims. Plaintiffs provide a video clip of a Whatcom County election worker processing ballots, which they allege shows her "appear[ing]" to "tamper" with ballots. *Id.* ¶ 10. They provide no support for this assertion beyond their own belief. Plaintiffs also allege, without more, that that "write-in vote[s] for Joshua Freed" were "ripe for culling and potential tampering" and that "all ballots" that are "in the custody of election workers" are susceptible to "tampering." *Id.* ¶¶ 12, 32. They, again, provide no further explanation or factual basis for this assertion.

WASHINGTON STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED] MOTION TO
DISMISS (No. 2:21-cv-01386-RAJ) – 5

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Despite the fact that Plaintiffs do not challenge the election results, Plaintiffs insist that the Court must "ascertain, determine, and declare Plaintiffs' rights and duties of Defendant Bradrick as they pertain to the Election and future elections." *Id.* ¶ 50. Specifically, Plaintiffs seek three remedies. First, Plaintiffs ask the Court to issue an order declaring that the County broke state law and the Washington and U.S. Constitutions, and request that the Court permanently enjoin the County from doing so moving forward. *Id.* at 18–19. Second, Plaintiffs seek license to conduct a "full forensic audit" of the County's election department "in coordination with Jovan Hutton Pulitzer."[2] *Id.* ¶¶ 5, 28. Third, Plaintiffs request that the Court order the County to unseal an unspecified number of ballots from the County so that they may "prove (or disprove)" their allegations. *Id.* ¶ 28. Plaintiffs also ask that the Court award it costs. *Id.* ¶ 68. None of this is remotely supported by Washington (or federal law); indeed, it is—uniformly—*barred* by Washington (and federal) law.

Plaintiffs stand before the Court with nothing but speculation, fueled by conspiracy theories, asking for breathtaking and entirely unwarranted "relief." This litigation should be promptly dismissed entirely and with prejudice: it is untimely, Plaintiffs lack standing, their

---

[2] Plaintiffs allege that Mr. Pulitzer acted as a "Maricopa County Arizona ballot auditor of approximately 2.1 million ballots." Compl. ¶ 5. Although the Plaintiffs do not elaborate on this, they appear to allege that Mr. Pulitzer acted as an auditor during the recent audit of Maricopa County's 2020 election results, which involved "a hand count of 2.1 million ballots . . . ." Michael Wines & Nick Corasaniti, *Arizona Election Review 'Made Up the Numbers,' Election Experts Say*, NY Times (Oct. 1, 2021), https://www.nytimes.com/2021/10/01/us/arizona-election-review.html. Although Mr. Pulitzer appeared to have some role in the audit, a spokesman for the audit has stated that Mr. Pulitzer merely "served as a consultant for that effort, . . ." Rosalind S. Helderman, *Inside the 'shadow reality world' promoting the lie that the presidential election was stolen*, Wash. Post (June 24, 2021, 10:46 AM), https://www.washingtonpost.com/politics/2021/06/24/inside-shadow-reality-world-promoting-lie-that-presidential-election-was-stolen/. Mr. Pulitzer is the "inventor of kinematic artifact detection[,]" Compl. ¶ 5, an "unproven process" that was used by the company that conducted the Maricopa County audit. Jerod Macdonald-Evoy, *Audit using unproven technology developed by 'failed inventor' Jovan Pulitzer*, AZ Mirror (Apr. 30, 2021, 8:45 AM), https://www.azmirror.com/2021/04/30/audit-using-unproven-technology-developed-by-failed-inventor-jovan-pulitzer/.

WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S [PROPOSED] MOTION TO DISMISS (No. 2:21-cv-01386-RAJ) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15934.0024\154386173.1

claims are moot and barred by the doctrine of laches, and Plaintiffs have failed to state a cognizable claim.

## III.    ARGUMENT

### A.    Legal Standard

A defendant may move to dismiss when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff fails to state a claim if they "lack . . . a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff also fails to state a claim if they allege "[in]sufficient facts . . . under a cognizable legal theory." *See id.* While the facts in the complaint need not be "detailed," they must be "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Likewise, the facts must "state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (emphasis added).

Where plaintiffs plead fraud or mistake, the Federal Rules of Civil Procedure impose a heightened standard. Under FRCP 9(b),[3] "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Pleading with sufficient particularity includes "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). It is not necessary under FRCP 9(b) that the word "fraud" be used in the complaint,

---

[3] A motion to dismiss under FRCP 9(b) for failure to plead with particularity is the functional equivalent of a FRCP 12(b) motion to dismiss for failure to state a claim. *United States ex rel. Armstrong-Young v. Carelink Hospice Servs., Inc.*, No. 15-CV-04095-WHO, 2018 WL 4773111, at *3 (N.D. Cal. Oct. 1, 2018) (referring to motion to dismiss pursuant to FRCP 9(b) as a "Rule 9(b) motion to dismiss").

WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S [PROPOSED] MOTION TO DISMISS (No. 2:21-cv-01386-RAJ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

15934.0024\154386173.1

so long as the facts sound in fraud. *Id.* at 1106 ("Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word "fraud" is not used)"). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" *Swartz v. KPMG, LLP*, 476 F.3d at 756 765 (9th Cir. 2007) (quoting *Moore v. Kayport Package Express*, 885 F.2d 531, 541 (9th Cir. 1989)).

Application of these standards to Plaintiffs' Complaint mandates prompt dismissal.

**B.      This Election Contest is Untimely Under RCW 29A.68.013**

The time to file an election contest has long expired. Washington law permits a registered voter to contest an election *only* if an affidavit of an elector is filed within ten days of certification. RCW 29A.68.013 ("An affidavit of an elector under this subsection shall be filed with the appropriate court no later than *ten days* following the official certification of the primary or election …") (emphasis added); *see* RCW 29A.68.011. If the ten-day deadline is ignored, the contest must be dismissed for untimeliness. *See Becker v. Cnty. of Pierce*, 126 Wn.2d 11, 21, 890 P.2d 1055 (1995) (dismissing an election contest as untimely where plaintiff "filed her complaint more than a year after the date that the general election . . ."); *cf. In re Feb. 14, 2017, Special Election on Moses Lake Sch. Dist. #161 Proposition 1*, 2 Wn. App. 2d 689, 695–96, 413 P.3d 577 (2018) (determining "timeliness" of an election contest based on whether an affidavit was filed within ten days of certification).

Here, the Secretary of State certified the election results on December 3, 2020. *Elections and Voting*, SECRETARY OF STATE: KIM WYMAN https://results.vote.wa.gov/results/20201103/president-vice-president.html (last visited Oct.

WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S [PROPOSED] MOTION TO DISMISS (No. 2:21-cv-01386-RAJ) – 8

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3, 2021).[4]  Plaintiffs' deadline to file an affidavit from an elector was therefore ten days after December 3—December 13, 2020. Plaintiffs are 317 days too late. Plaintiffs had an affirmative obligation to air their concerns before or immediately after the election to avoid precisely these belated, could-have should-have complaints.[5]

Plaintiffs assert (without support) that Washington's ten-day deadline for election contests does not bar their claims, Compl. ¶ 8, but their assertion is contrary to the essence of their Complaint and the plain letter of the law. Nearly all of Plaintiffs' claims cite exclusively to Washington's election contest statute, RCW 29A.68.013, as their legal basis for filing this lawsuit. And regardless of their attempt to skirt around the election contest statute, the heart of their action is just that—a challenge to the election result. Indeed, Plaintiffs' PRA claim to inspect sealed ballots can only be grounded in an election contest. There are very few circumstances where ballots may be inspected post-election, and only one is potentially applicable here: pursuant to RCW 29A.60.110(2), a superior court may order the unsealing of ballots "in a contest or election dispute."

Washington law is clear: "[a]ll election contests must proceed under RCW 29A.68.011 or 29A.68.013." RCW 29A.68.020. This is an election contest. It is untimely. It must be dismissed on this basis alone.

---

[4] In ruling on this Motion, the Court may take judicial notice of "undisputed matters of public record . . . ." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). "Information published on government websites . . . is a proper subject of judicial notice." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1007 n.5 (W.D. Wash. 2019) (citing *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1009, 1120 n.8 (9th Cir. 2013)). The cited website is the Secretary of State's public website and is "not subject to reasonable dispute," thus, the Court may take judicial notice of the December 3 certification date.

[5] It is, of course, not difficult to discern the purpose of this long-standing provision of state law: to ensure the prompt resolution of any dispute over the outcome of an election, to instill confidence in the outcome of elections, and to allow for office holders to promptly assume office and conduct the state's business on behalf of Washington citizens.

WASHINGTON STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED] MOTION TO
DISMISS (No. 2:21-cv-01386-RAJ) – 9

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

### C.     Plaintiffs Lack Standing

2

Even if this matter were not barred by RCW 29A.68.013 (and it is), neither WEiCU

3

nor the individual Plaintiffs have standing to pursue this action.

4

To satisfy Article III's standing requirement, a plaintiff must allege that he or she has

5

suffered an injury in fact, that the injury is fairly traceable to the defendant's conduct, and that

6

the injury can be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S.

7

555, 560–61 (1992). Key here are two of Article III's requirements: the injury-in-fact and

8

redressability requirements. First, "[t]o establish Article III standing, an injury must be

9

'concrete, particularized, and actual or imminent . . . .'" *Clapper v. Amnesty Int'l USA*, 568

10

U.S. 398, 409 (2013). Conjectural and hypothetical injuries do not give rise to Article III

11

standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see also TransUnion LLC v.*

12

*Ramirez*, 141 S. Ct. 2190, 2204 (2021). For an injury to be "particularized," it must "affect

13

the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. Second, for Article

14

III standing, it must be "likely" as opposed to "speculative" that the injury will be redressed

15

by a favorable decision." *Arizona Christian School Tuition Organization v. Winn*, 563 U.S.

16

125, 134 (2011) (quoting *Lujan*, 504 U.S., at 560–561).

17

An organization, like WEiCU, has representational standing to sue on behalf of its

18

members when: (1) its members would otherwise have standing to sue in their own right; (2)

19

the interests it seeks to protect are germane to the organization's purpose; and (3) neither the

20

claim asserted nor the relief requested requires the participation of individual members in the

21

lawsuit. *Smith v. Pac. Properties & Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing

22

*Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

23

24

25

26

WASHINGTON STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED] MOTION TO
DISMISS (No. 2:21-cv-01386-RAJ) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

15934.0024\154386173.1

Plaintiffs lack standing because they have not suffered any personal injuries, the Court cannot address the injuries they allege, and because Plaintiff WEiCU lacks standing to bring this action on behalf of its members.

### 1.     Plaintiffs Have Not Suffered an Injury in Fact

#### a.     *Plaintiffs Lack Standing Under the Election Contest Statutes*

As an initial matter, Plaintiffs plainly lack standing under the election contest statutes. The statutes confer a private right of action for "registered voter[s]," but not to just any registered voters—only registered voters who are "challeng[ing] the right to assume office of a candidate declared elected to that office … the right of a candidate to appear on the general election ballot after a primary, or … certification of the result of an election on any measure." RCW 29A.68.020. Under both Washington and federal law, only those within the "zone of interests" of a statute are permitted to invoke its protections. *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129–134 (2014); *State v. Johnson*, 179 Wn.2d 534, 552, 315 P.3d 1090 (2014).[6] WEiCU obviously does not qualify as a "registered voter." And the individual Plaintiffs seek none of this relief, and therefore do not seek to invoke an interest within the "zone of interests" protected by the statute. Indeed, as Plaintiffs are admittedly not seeking to de-certify the election and do not challenge the election of a single

---

[6] Washington and federal courts treat the question of statutory standing differently, but the result is the same under either inquiry. Federal law treats statutory standing as a question of whether plaintiffs have failed to state a claim under FRCP 12(b)(6). *City of Los Angeles v. Wells Fargo & Co.*, 22 F. Supp. 3d 1047, 1056 (C.D. Cal. 2014) (citing *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 974 n. 7 (9th Cir.2008) (explaining that Article III standing is a jurisdictional requirement while statutory standing is resolved under FRCP 12(b)(6)). In federal court, to determine whether a plaintiff has statutory standing, federal courts ask: (1) whether a plaintiffs' interests "fall within the zone of interests protected by the law invoked," and (2) whether the plaintiffs' harm was "proximately caused by violations of the statute." *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129–134 (2014) (citation omitted). Under Washington law, the question of statutory standing is built into the general standing inquiry. *State v. Johnson*, 179 Wn.2d 534, 552, 315 P.3d 1090 (2014) (stating that the second part of Washington's standing inquiry is whether the plaintiff has shown its claim falls within the "zone of interests protected by the statute or constitutional provision at issue.").

WASHINGTON STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED] MOTION TO
DISMISS (No. 2:21-cv-01386-RAJ) – 11

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

candidate, Compl. ¶ 8, it is difficult to understand what interest Plaintiffs are seeking with respect to an election nearly a year old. This is plainly insufficient to confer standing.

**b.**    ***WEiCU Lacks Representational Standing***

Plaintiff WEiCU has failed to describe its mission as an organization, explain its membership, or otherwise explain why it has any interest in this action. It has therefore failed to show that it has representational standing to bring any of the constitutional claims it purports to assert. *Smith*, 358 F.3d at 1101 (for representational standing, an organizations' members must otherwise have standing and the purpose of the organization must be germane to the issue).

**c.**    ***Plaintiffs' Constitutional Claims are Generalized Grievances***

Plaintiffs' more generalized complaint that the Washington and U.S. constitutions were violated does not state an injury in fact. At a minimum, Plaintiffs must state a *personal* and *individualized* injury to have standing. *Spokeo*, 136 S. Ct. at 1548. Plaintiffs' broad assertion that their "due process, free speech, and equal protection" rights were "abridged" is insufficient to support standing because Plaintiffs do not specify precisely how they were personally injured. This is fatal. *See Wood v. Raffensperger*, 501 F. Supp. 3d 1310, 1321–23 (N.D. Ga 2020) (finding individual Georgia voter lacked standing to challenge results of 2020 election under the Equal Protection Clause and Due Process Clause based on a "generalized grievance regarding a state government's failure to properly follow" the law); *Wis. Voters All. v. Pence*, 514 F. Supp. 3d 117, 120 (D.D.C. 2021) ("To the extent that they argue more broadly that voters maintain an interest in an election conducted in conformity with the Constitution, they merely assert a 'generalized grievance' stemming from an attempt to have the Government act in accordance with their view of the law."); *Bowyer v. Ducey*, 506 F. Supp. 3d 699, 711 (D. Ariz. 2020) ("[W]here, as here, the injury alleged by plaintiffs is that

WASHINGTON STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED] MOTION TO
DISMISS (No. 2:21-cv-01386-RAJ) – 12

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

defendants failed to follow the Elections Clause, the Supreme Court has stated that the injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that courts have refused to countenance.") (internal quotations and citation omitted).

For its part, Plaintiff WEiCU does not identify a single member at all, let alone a member that was unable to vote,[7] whose ballot was not kept secret,[8] whose vote was not counted, whose vote was "tampered" with, or who was otherwise personally injured. The individual Plaintiffs also do not assert that any of these constitutional harms personally befell them. When the injury alleged "is that the law … has not been followed," it is "the kind of undifferentiated, generalized grievance about the conduct of government" that is not an injury in fact. *Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324, 1332–33 (11th Cir. 2007). Even where constitutional harms are alleged, a plaintiff's "interest in proper application of the Constitution and laws" is a generalized grievance that simply does not support standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992).

### d.    *Plaintiffs Were not Injured by any Equal Protection Violations*

Plaintiffs' assertion that their Equal Protection rights were *personally* violated is patently insufficient. Plaintiffs allege that their Equal Protection rights were violated because "[b]allots from County electors, including Plaintiffs herein, were not treated equally," but the question for standing purposes is not whether Plaintiffs were treated "differently" but whether

---

[7] Plaintiffs assert violations of Article I, Section 19 of the Washington Constitution. But Article I, Section 19 is not implicated if Plaintiffs' right to vote "was not impeded in any way." *Brower v. State*, 137 Wn.2d 44, 68, 969 P.2d 42 (1998) ("Article I, section 19 is not implicated in this case. … Mr. Brower's right to vote in that election was not impeded in any way."). No plaintiff asserts their right to vote was impeded.

[8] Plaintiffs assert violations of Washington Constitution Article 6, Section 6. To state a cognizable claim under Article 6, Section 6, "[t]he central concern of ballot secrecy, therefore, is whether the individual voter can be identified." *White v. Wyman*, 4 Wn. App.2d 1071, 2018 WL 3738404, *4 (2018). No Plaintiff has alleged that they, as an individual voter was identified, nor has WEiCU named any member who was identified.

WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S [PROPOSED] MOTION TO DISMISS (No. 2:21-cv-01386-RAJ) – 13

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Plaintiffs were _actually injured_ by differential treatment. *See Allen v. Wright*, 468 U.S. 737, 755-56 (U.S. 1984) (holding that, absent allegation that they suffered an actual injury as a result of unequal treatment, plaintiffs lacked standing to assert equal protection claim because they alleged only "abstract . . . injury" that would extend standing "nationwide to all members of the particular racial groups against which the Government was alleged to be discriminating"); *Carroll v. Nakatani*, 188 F. Supp. 2d 1233, 1237 (D. Haw. 2002), aff'd, 342 F.3d 934 (9th Cir. 2003) (plaintiff argued that Hawaiian law subjected "every resident of the state of Hawaii personally to a racial classification" but the court concluded that not "every resident would have standing to challenge these provisions"  . . . only those who are "personally impact[ed]" by "racial classification" had standing"). Taking Plaintiffs' allegations as true, every County voter would have been treated "unequally," in that some voters' ballots were allegedly "tampered" with based on who they voted for, while others' ballots were not. But to have standing, at a minimum, a plaintiff would need to allege that they were _personally injured_.

Plaintiffs have not done so and cannot assert the equal protection rights of others.

**e.     *Vote Dilution Claims are Generalized Grievances***

The only other injury claimed by Plaintiffs is the alleged "dilution" of Washingtonian voters' votes. But courts have long held that an alleged injury of vote dilution from the threat of potential fraud does not confer standing, as it is both unduly speculative and impermissibly generalized. *See, e.g.*, *Martel v. Condos*, 487 F. Supp. 3d 247, 253 (D. Vt. 2020) ("If every voter suffers the same incremental dilution of the franchise caused by some third-party's fraudulent vote, then these voters have experienced a generalized injury."); *Am. C. R. Union v. Martinez-Rivera*, 166 F. Supp. 3d 779, 789 (W.D. Tex. 2015) ("[T]he risk of vote dilution[ is] speculative and, as such, [is] more akin to a generalized grievance about the government

WASHINGTON STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED] MOTION TO
DISMISS (No. 2:21-cv-01386-RAJ) – 14

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

than an injury in fact."); *cf. Paher v. Cegavske*, 457 F. Supp. 3d 919, 926 (D. Nev. 2020) (citations omitted) ("Plaintiffs' purported injury of having their votes diluted due to ostensible election fraud may be conceivably raised by any Nevada voter [and] does not satisfy the requirement that Plaintiffs must state a concrete and particularized injury."). Such is the case here. Any dilution admittedly would have affected all Washington voters, not merely Plaintiffs. Compl. ¶ 58(b). Accordingly, Plaintiffs' purported vote dilution injury is a generalized grievance and cannot support standing as a matter of law.

### f.     *Plaintiffs Have Not Alleged that an Injury is Certainly Impending*

For Plaintiffs to sufficiently allege a threatened injury rather than an existing injury, they must show that an injury is "imminent," "certainly impending" and not "hypothetical." *Clapper*, 568 U.S. at 409. Plaintiffs' vague assertion that the Court must "ascertain, determine, and declare Plaintiffs' rights and duties of Defendant Bradrick, as they pertain to the Election and future elections" falls decidedly short of showing a concrete injury with respect to "future elections."  Compl. ¶ 50. And since Plaintiffs do not even bother to mention which election they refer to, any potential future injury is entirely nonspecific and hypothetical.

### 2.     **Plaintiffs Injury is not Redressable**

Finally, and independently, Plaintiffs lack standing because the relief they seek would not likely to redress the injuries they allege. *Arizona Christian School Tuition Organization v. Winn*, 563 U.S. 125, 134 (2011) (for Article III standing, it must be "likely" as opposed to "speculative," that the injury will be redressed by a favorable decision).

Plaintiffs seek three remedies: (1) an order declaring that the County broke the law and barring the County from doing so moving forward; (2) a license to "audit" the County's election department; and (3) an order allowing them to inspect ballots from the 2020 election. But these remedies would do nothing to change long-certified elections from November 2020.

WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S [PROPOSED] MOTION TO DISMISS (No. 2:21-cv-01386-RAJ) – 15

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Nor does a request to have the County simply obey the law—which they are already bound to do—result in any meaningful redress. Plaintiffs have not requested, and the Court cannot provide a remedy that would redress the injuries Plaintiffs are asserting.

In sum, Plaintiffs have suffered no injury, the interests they assert are not within the zone of interest protected by statute, and this Court cannot redress the injuries they claim. Plaintiffs' action must be dismissed for lack of standing.

**D.      Plaintiffs' Claims Fail Due to Mootness**

For the same reasons that Plaintiffs have no standing, Plaintiffs case is moot. "Mootness is a jurisdictional issue, and 'federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists.'" *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (quoting *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999)). A case is also moot when a party cannot obtain relief for its claim. *Id.*; *see also Ruvalcaba v. City of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999). Plaintiffs' requests are all aimed at contesting the results of the November 2020 election. Since the time has passed for an election contest and all elections from November 2020 have been fully and finally certified, the Court has no basis to provide any kind of relief to Plaintiffs. *Jackson v. Bd. of Election Comm'rs of City of Chi.*, 2012 IL 111928, ¶ 36, 975 N.E.2d 583, 593 (Ill. 2012) ("[C]onclusion of an election cycle normally moots an election contest."); *Brooks v. Brown*, 282 Ga. 154, 154, 646 S.E.2d 265, 267 (2007) ("In general, election contest cases become moot once the general election in contention has occurred."); *Bowyer*, 506 F. Supp. 3d at 720 (election contest filed a month after the 2020 election was moot because the court could not "de-certify the results" and therefore "it would be meaningless to grant Plaintiffs any of the remaining relief they seek").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S [PROPOSED] MOTION TO DISMISS (No. 2:21-cv-01386-RAJ) – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Indeed, Plaintiffs have not petitioned for any relief in this action other than what the Court *could have* provided if Plaintiffs filed a timely election contest. *See* RCW 29A.68.020. For that reason, the case is moot and should be dismissed.

## E.   Laches Bars Plaintiffs' Claims

Plaintiffs' claims are also separately and independently barred by the equitable doctrine of laches. Laches will bar a claim when the party asserting it shows the plaintiff unreasonably delayed in filing the action and the delay caused prejudice to the defendant or the administration of justice. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951–52 (9th Cir. 2001) (stating that laches requires a "defendant [ ] prove both an unreasonable delay by the plaintiff and prejudice to itself"). Laches is applied only if the party asserting it "has so altered [its] position that it would be inequitable to enforce the claim." *Id.* (citation omitted). That is certainly the case here.

First, Plaintiff's year-long delay is patently unreasonable. Plaintiffs' action is based on events that occurred during and immediately after the November 2020 election, and it could have and should have been raised at the time. (Indeed, state law mandates that these claims should have been raised within 10 days of certification.) Other courts considering similar challenges to election results have properly found that election challenges filed even weeks after elections are too late when plaintiffs could have filed those challenges months sooner. *E.g.*, *Trump v. Wis. Elections Comm'n*, 983 F.3d 919, 925 (7th Cir. 2020), cert. denied, 141 S. Ct. 1516, 209 L. Ed. 2d 253 (2021) (affirming district court's dismissal of election contest due to laches, and stating "[t]he timing of election litigation matters. Any claim against a state electoral procedure must be expressed expeditiously") (internal citations and quotations omitted); *Raffensperger*, 501 F. Supp. 3d at 1324 (concluding that plaintiff's eight-month late claims were barred by laches because the plaintiff "could have, and should have, filed his

WASHINGTON STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED] MOTION TO
DISMISS (No. 2:21-cv-01386-RAJ) – 17

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

constitutional challenge much sooner than he did, and certainly not two weeks after the General Election"); *King v. Whitmer*, 505 F.Supp.3d at 731–32 (finding plaintiffs "showed no diligence" in asserting their claims when they waited more than 21 days after the 2020 General Election to assert claims that could have been brought "well before" the election); *Bowyer*, 506 F. Supp. 3d at 719 (dismissing election contest filed a month after the election due to laches because it would prejudice the 3.4 million Arizonans who voted in the 2020 General Election). Plaintiffs year-long delay is doubly inexcusable.

Second, Plaintiffs' unjustifiable delay prejudices WSDCC's affiliated candidates, who campaigned, won their elections, and have been fulfilling their duties as elected officials since January. In addition, it would prejudice the millions of voters who dutifully cast their votes according to the rules and practices that Plaintiffs could have challenged prior to or right after the election. Here, Plaintiffs waited until after the election and then much more to cast doubt on the election with entirely speculative claims. This Court should find that laches firmly bars this action.

## F.    Plaintiffs Fail to State a Claim

In addition to the jurisdictional bars to Plaintiffs' action, Plaintiffs' Complaint must independently be dismissed because it fails to state a claim upon which relief can be granted.

### 1.    Plaintiffs' Election Contest Fails

Plaintiffs fail to state a claim under Washington's election contest statutes. Washington law expressly limits the grounds upon which an election contest may be brought to three circumstances: (1) to challenge the right to assume office of a candidate declared elected to that office; (2) to challenge the right of a candidate to appear on the general election ballot after a primary; or (3) to challenge certification of the result of an election on any measure. RCW 29A.68.020. In other words, Washington's election contest statutes do not

WASHINGTON STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED] MOTION TO
DISMISS (No. 2:21-cv-01386-RAJ) – 18

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

permit voters to bring election contests just for the sake of it—an election contest is a tool to challenge the illegitimate victory of a candidate or to de-certify an election. "[A]n election contest which fails to allege 'the particular causes of contest ... with sufficient certainty' may be dismissed." *In re Coday*, 156 Wn.2d 485, 496, 130 P.3d 809 (2006) (quoting RCW 29A.68.030).

Here, however, Plaintiffs are not asserting any of the three permissible challenges. In fact, Plaintiffs do not allege that any of the County's actions affected enough ballots to change the outcome of the election. The absence of these allegations is fatal to Plaintiffs' election contest. *Id.* at 490–91 (holding that contestants had not asserted a cognizable election contest claim because "while the contestants had proved that errors and omissions by county election officials had occurred, and that illegal votes were cast, they had not proved that the outcome of the governor's election was changed as a result.").

2.      **Plaintiffs' Claims Under the PRA Fail**

Plaintiffs have also failed to state a cognizable claim that they are entitled to inspect an unspecified number of sealed ballots. Compl. ¶ 28. Washington law requires county officials seal all ballots in containers "immediately after tabulation," RCW 29A.60.110(1), and only provides four narrow circumstances in which those ballots may be unsealed: (1) to conduct recounts; (2) to conduct a random check forty-eight hours after election day; (3) for the County Auditor to conduct a pre-certification audit; or (4) by order of a superior court in fa contest or election dispute. RCW 29A.60.110(2). Only the fourth scenario is relevant here. But as stated, the time for an election contest has long passed. *See* RCW 29A.68.012; RCW 29A.68.011. Thus, Plaintiffs' claim under the PRA necessarily fail.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### 3.     Plaintiffs' Remaining Claims Fail

Plaintiffs' remaining claims also fail for failing to plead a sufficient factual basis for their claims.

First, Plaintiffs have not met the heightened pleading standard required to allege that the County committed election fraud. Under FRCP 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Here, Plaintiffs' entire Complaint is grounded in baseless and vague allegations of election fraud, and therefore, it must meet the heightened pleading standard. *See* Compl. ¶ 10 (stating that a video of a Whatcom County election worker "appears" to demonstrate "ballot tampering and other election irregularities"), ¶ 12 (alleging without explanation that "write-in vote[s] for Joshua Freed" were "ripe for culling and potential tampering");  ¶ 32 (generally alleging that "all ballots" that are "in the custody of election workers" are susceptible to "tampering"); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (stating that FRCP 9(b)'s heightened pleading requirements apply to complaints that describe fraudulent conduct even if they do not use the word "fraud"). Pleading with sufficient particularity includes "the who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106 (internal quotation marks omitted). Where a plaintiff alleges a fraudulent scheme amongst multiple defendants, a plaintiff must, "at a minimum," identify the "role of each defendant" in the fraudulent scheme.  *Swartz v. KPMG, LLP*, 476 F.3d at 756 765 (9th Cir. 2007) (internal quotations and citation omitted).

Plaintiffs only present conclusions and sweeping incantations of fraud—but without providing any supporting detail, much less claims that would satisfy their burden under FRCP 9(b) of pleading with particularity. *See, e.g., United States ex rel. Dooley v. Metic Transplantation Lab, Inc.*, No. CV1307039SJOJEMX, 2016 WL 9819559, at *4 (C.D. Cal.

WASHINGTON STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED] MOTION TO
DISMISS (No. 2:21-cv-01386-RAJ) – 20

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

June 6, 2016) (plaintiffs' "vague description of a 'kickback arrangement' d[id] not provide enough "particular" information to satisfy the purposes of Rule 9(b)"); *Pom Wonderful LLC v. Tropicana Prod., Inc.*, No. CV 09-566 DSF (CTX), 2009 WL 10674426, at *4 (C.D. Cal. July 6, 2009) ("This claim as pled is too vague and ambiguous for either the defense or the Court to determine its parameters."). Here, for example, Plaintiffs assert that a Whatcom County election worker, in front of a video camera, boldly crossed out citizens' votes and replaced them with her own. Compl. ¶ 10–12. They provide no support for this assertion beyond their own belief. But a video of an election worker doing her job does not support the heightened pleading standard for fraud. If it did, any vexatious litigant could point to any photo of an election worker with a ballot in hand and accuse them of all sorts of misdeeds. Plaintiffs' baseless assertions are precisely the types of vague allegations of fraud that do not meet the heightened pleading standard of FRCP 9(b). Importantly, Plaintiffs allegations would state a statewide conspiracy to accomplish, yet, Plaintiffs failed to meet their burden to "identify the role of each defendant in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 756 (internal quotations and citation omitted). These are precisely the types of vague allegations of fraud that do not meet the heightened pleading standard of FRCP 9(b).

Second, Plaintiffs fail even to meet even the lesser pleadings standards under FRCP 8(a). Under FRCP 8(a), a complaint need contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, the facts alleged must state a "plausible" claim for relief by stating facts that allow a court to reasonably infer "that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 663. Plaintiffs provide no clue as to what grounds their claims rest upon,

WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S [PROPOSED] MOTION TO DISMISS (No. 2:21-cv-01386-RAJ) – 21

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

nor do they provide any support for their claims beyond their own "information and belief." This requires Defendants to shadowbox in order to mount their defense, guessing what the grounds for Plaintiffs' claims *might be*. Plaintiffs' claims therefore fall far short of meeting even the minimal pleading standard of FRCP 8(a).

Plaintiffs' claims are nothing more than another in a long line of cases that have asserted baseless allegations of widespread election fraud. This conspiracy-theory has been repeatedly and emphatically found to be without merit, and Intervenors are not aware of a single case where a court credited these allegations. *E.g.*, *Trump v. Kemp*, 511 F. Supp. 3d 1325, 1331–34 (N.D. Ga. 2021) (dismissing challenge to 2020 election due to "illegal votes" for lack of standing and failure to state a claim); *Trump v. Wis. Elections Comm'n*, 983 F.3d 919, 925 (7th Cir. 2020), cert. denied, 141 S. Ct. 1516 (2021) (affirming dismissal of election contest based on voter fraud); *Bowyer*, 506 F. Supp. 3d at 724 ("Allegations that find favor in the public sphere of gossip and innuendo cannot be a substitute for earnest pleadings and procedure in federal court. They most certainly cannot be the basis for upending Arizona's 2020 General Election."); *Law v. Whitmer*, 477 P.3d 1124, 2020 WL 7240299, at *21 (Nev. 2020) ("The Contestants failed to meet their burden to provide credible and relevant evidence to substantiate any of the grounds set forth in NRS 293.410 to contest the November 3, 2020 General Election."); *Donald J. Trump for President, Inc. v. Boockvar*, 493 F. Supp. 3d 331, 394 (W.D. Pa. 2020) (dismissing lawsuit challenging 2020 election results based on "speculative evidence of voter fraud"); *Raffensperger*, 501 F. Supp. 3d at 1331 (dismissing lawsuit seeking to prevent Georgia's certification of the votes and noting that plaintiff presented "insubstantial evidence"); *Kraus v. Cegavske*, No. 82018, 2020 WL 6483971, at *1 (Nev. Nov. 3, 2020) (upholding dismissal of lawsuit seeking to halt counting ballots based on claims of voter fraud because it "lacked evidentiary support").This Court should not either.

WASHINGTON STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED] MOTION TO
DISMISS (No. 2:21-cv-01386-RAJ) – 22

15934.0024\154386173.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## IV.    CONCLUSION

For the reasons set forth above, Intervenor Washington State Democratic Central Committee respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice.


Dated:  October 27, 2021

*s/ Kevin J. Hamilton*

Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie.com
Amanda J. Beane, WSBA No. 33070
ABeane@perkinscoie.com
Reina A. Almon-Griffin, WSBA No. 54651
RAlmon-Griffin@perkinscoie.com
Nitika Arora, WSBA No. 54084
NArora@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone 206.359.8000
Facsimile 206.359.9000

*Attorneys for Proposed Intervenor Washington
State Democratic Central Committee*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

WASHINGTON STATE DEMOCRATIC CENTRAL
COMMITTEE'S [PROPOSED] MOTION TO
DISMISS (No. 2:21-cv-01386-RAJ) – 23

15934.0024\154386173.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000