THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DARCY LYNN HOCKER; JOSEPH GRANT; EVELYN HOPF,<br><br>Plaintiffs,<br><br>v.<br><br>DIANA BRADRICK, Whatcom County Auditor; WHATCOM COUNTY, and DOES 1-30, inclusive,<br><br>Defendants,<br><br>and<br><br>WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE,<br><br>Proposed Intervenor Defendant. | No. 2:21-cv-01386-RAJ<br><br>PROPOSED INTERVENOR DEFENDANT WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S REPLY IN SUPPORT OF MOTION TO INTERVENE |

WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S REPLY ISO MOTION TO INTERVENE (NO. 2:21-CV-01386-RAJ)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15934.0024\154534908.1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ....................................................................................................................... 1

    A. WSDCC's Motion is Timely ................................................................................. 2

    B. WSDCC Has an Interest in This Action Under FRCP 24(a) ................................ 2

    C. WSDCC Cannot Rely on the Existing Parties to Represent Its Interests ............... 5

    D. Permissive Intervention is Warranted .................................................................... 5

    E. WSDCC's Proposed Answer and Motion to Dismiss Comply with the Civil Rules ............................................................................................................. 6

III. CONCLUSION ................................................................................................................... 6

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S REPLY ISO MOTION
TO INTERVENE (NO. 2:21-CV-01386-RAJ) - i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15934.0024\154534908.1

## I. INTRODUCTION

Plaintiffs seek to call into question the validity of the 2020 election, suggesting (without any evidence) that fraud was committed across the State in favor of Democratic candidates. The Washington State Democratic Central Committee ("WSDCC") has an interest in protecting its candidates and voters from unfounded attempts to challenge the validity of the election long after the time for doing so has passed. Accordingly, WSDCC is entitled to intervention as of right under Federal Rule of Civil Procedure ("FRCP") 24(a) and permissive intervention under FRCP 24(b). Washington Election Integrity Coalition United's ("WEiCU's") Opposition ("Opp.") not only mischaracterizes the applicable legal standard, but attempts to use WSDCC's Motion to Intervene ("Mot.") as "evidence" of WSDCC's supposed nefarious scheme to engage in "election fraud." The absurd suggestion only further underscores why WSDCC should be a participant in this suit: to protect its reputational interests and the validity of the election. WSDCC respectfully submits that it readily satisfies FRCP 24's requirements and that its Motion for Intervention should be granted.

## II. ARGUMENT[1]

FRCP 24(a) provides an absolute right of intervention if the intervenor shows: (1) timely application for intervention; (2) an interest which is the subject of the action; (3) that the disposition will impair or impede the applicant's ability to protect the interest; and (4) the applicant's interest is not adequately represented by the existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). The Ninth Circuit favors intervention. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) ("[T]he requirements for intervention are broadly interpreted in favor of intervention."). WSDCC satisfies each of these requirements. Moreover, WSDCC should be granted permissive intervention because its defense

---

[1] WEiCU itself asserts only violations of the Public Record Act in this lawsuit. *See Washington Election Integrity Coalition United et al. v. Wise et al.*, No. 2:21-cv-01394-RAJ, ECF No. 18 at 3 (W. D. Wash. 2021) ("WEiCU is a party only to the PRA action . . ."). All other claims in this action are brought by the "citizen plaintiffs." WEiCU, however, broadly advocates on behalf of the citizen plaintiffs in its Opposition. *See, e.g.*, Opp. at 3 ("Plaintiffs are asserting statutory claims involving an election official . . . relating to the conduct of their Elections Director.").

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S REPLY ISO MOTION
TO INTERVENE (NO. 2:21-CV-01386-RAJ) – 1

15934.0024\154534908.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

and the main action have a question of law or fact in common. FRCP 24(b).

A.   **WSDCC's Motion is Timely**

WEiCU's assertion that the Court should delay ruling on WSDCC's Motion to Intervene until the Court decides WEiCU's Motion to Remand is unsupported by any law.[2] *See* Opp. at 2. Moreover, WEiCU has not identified any prejudice that would be caused by WSDCC's intervention at this stage in the proceedings. *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836–37 (9th Cir. 1996) (citing *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990)) (in determining if a motion to intervene was timely, considering "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene."). In fact, the Ninth Circuit directs parties to move to intervene as soon as practicable. *California Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) ("[a] party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation."). The Court should permit WSDCC to intervene at the outset of this case so that it may fully participate in this action.

B.   **WSDCC Has an Interest in This Action Under FRCP 24(a)**

WSDCC has a strong interest in ensuring that the official certified results of Washington's November 2020 valid election remain undisturbed, on behalf of its affiliated candidates and voters. *See Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 189 n.7 (2008) (agreeing with the unanimous view of the Seventh Circuit that the Indiana Democratic Party had standing to challenge a voter identification law that risked disenfranchising its members); *Owen v. Mulligan*, 640 F.2d 1130, 1132 (9th Cir. 1981) (holding that "the potential loss of an election" inflicts injury on a political party). Although WEiCU continues to insist that Plaintiffs are not currently seeking

---

[2] WEiCU also asserts that this Court lacks jurisdiction to hear WSDCC's Motion because Defendants' Notice of Removal is "defective" in some unexplained way. Opp. at 2. Any procedural defect in Defendants' Notice of Removal, however, would not affect this Court's subject matter jurisdiction, and may be cured at any point prior to entry of judgment. *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court.") (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) (abrogated on other grounds by *Rueda Vidal v. Bolton*, 822 F. App'x 643, 644 (9th Cir. 2020))).

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S REPLY ISO MOTION
TO INTERVENE (NO. 2:21-CV-01386-RAJ) – 2

15934.0024\154534908.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  decertification of the 2020 election, Opp. at 4, it is entirely unclear what relief they do seek, or
2  what they hope to gain from an "audit" of the results. WSDCC should in all events be allowed to
3  participate to protect its candidates and voters. And decertification aside, the mere pendency of
4  this case threatens the same harms to WSDCC by giving credence to the unsupported conspiracy
5  theory that the 2020 election was somehow rife with fraud.

6  WEiCU also suggests that elected officials become nonpartisan once they are elected and
7  that, therefore, WSDCC has no interest in protecting the reputations of WSDCC's affiliated
8  Democratic officeholders. *See* Opp. at 6 ("Interestingly, the DCC expresses a concern for the
9  'reputations' of the Democrat party 'officeholders' . . . This is an extraordinary statement and an
10 admission against interest that the officeholders remain 'Democrat-owned' once they are in office.
11 If the elected officials represent the people (and not the interests of the DCC), the DCC cannot
12 possibly have an interest in the outcome of the action."). WSDCC works to elect Democrats who,
13 in turn, work to uphold Democratic values once they are in office. It is no secret that a Democratic
14 candidate remains a Democrat once in office (just as Republican or Independent elected officials
15 are and remain Republicans or Independents). Those Democratic officeholders may also seek
16 reelection, and WSDCC has an interest in defending their future election prospects by refuting this
17 baseless attack on their election.

18 To be clear, the burden on WSDCC to show a cognizable interest for the purpose of FRCP
19 24(a) is not a strenuous one. Whether an applicant for intervention has an interest "is a practical,
20 threshold inquiry, and [n]o specific legal or equitable interest need be established." *Citizens for*
21 *Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). The interest
22 inquiry is primarily a "practical guide to disposing of lawsuits by involving as many apparently
23 concerned persons as is compatible with efficiency and due process." *Jackson v. Abercrombie*, 282
24 F.R.D. 507, 513–14 (D. Haw. 2012) (quoting *Forest Conservation Council v. U.S. Forest Serv.*,
25 66 F.3d 1489, 1496 (9th Cir. 1995) (abrogated on other grounds by *Wilderness Soc. v. U.S. Forest*
26 *Serv.*, 630 F.3d 1173, 1178 (9th Cir. 2011))). In general, the intervention requirements should be

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S REPLY ISO MOTION
TO INTERVENE (NO. 2:21-CV-01386-RAJ) – 3

15934.0024\154534908.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  construed "broadly in favor of intervention." *Prete*, 438 F.3d at 954. WSDCC's interests are
2  clearly at issue here under any construction of FRCP 24's requirement.

3        WEiCU's Opposition, replete with accusations against WSDCC, only further evidences
4  WSDCC's interest in this action. WEiCU accuses WSDCC of attempting to "influence the
5  outcome of elections" and asserts that WSDCC's wish to intervene in this action is an "admission
6  of guilt" that "exposes the [WS]DCC as NOT wanting election integrity in Whatcom County."
7  Opp. at 5. Hardly. WEiCU's attempt to recharacterize WSDCC's Motion to Intervene as a smoking
8  gun only demonstrates *WEiCU's* goal of painting Democratic entities and election officials as
9  intent on committing fraud with unsupported accusations.[3] *See id.*; *see also* Podlodowski Decl.
10 ¶ 5. The suggestion is as absurd as it is unsupported by actual evidence.

11       Courts across the country have consistently allowed Democratic entities to intervene in
12 disputes regarding the 2020 election.[4] *See, e.g.*, *Paher v. Cegavske*, No. 20-cv-00243-WGC, 2020
13 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (granting intervention as of right to Democratic
14 National Committee ("DNC"), Democratic Congressional Campaign Committee ("DCCC"), and
15 Nevada State Democratic Party where "Plaintiffs' success on their claims would disrupt the
16 organizational intervenors' efforts to promote the franchise and ensure the election of Democratic
17 Party candidates"); *Issa v. Newsom*, No. 20-cv-01044-CKD, 2020 WL 3074351, at *4 (E.D. Cal.
18 June 10, 2020) (granting intervention as of right to the DNC in suit brought by Republican entities);
19 *Donald J. Trump for President, Inc. v. Cegavske*, No. 20-CV-1445 VCF, 2020 WL 5229116, at *1
20 (D. Nev. Aug. 21, 2020) (granting intervention to DNC, DCCC, and Nevada State Democratic
21 Party in suit brought by President Trump's campaign);[5] *Donald J. Trump for President, Inc. v.*

---

[3] WEiCU's assertion that it is a nonpartisan organization is irrelevant. Opp. at 6. WEiCU's lawsuit perpetuates the unsupported and harmful notion that election fraud is committed by or to benefit Democrats. Podlodowski Decl. ¶ 6. There is no evidence—none—to support such a proposition and WEiCU certainly offers none.

[4] WSDCC is not required to demonstrate, as WEiCU alleges, that WEiCU could have brought this lawsuit against WSDCC in the first instance. *See* FRCP 24; Opp. at 5. In fact, none of the 2020 election contest cases cited in this paragraph could have been brought directly against the Democratic parties that were allowed intervention.

[5] Although WEiCU attempts to distinguish the facts of the *Paher v. Cegavske* and *Donald J. Trump for President, Inc. v. Cegavske* cases, the holdings of those cases support WSDCC's motion to intervene as of right. The courts concluded that the intervening Democratic entities had demonstrated sufficient protectable interests to "ensure voters

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S REPLY ISO MOTION
TO INTERVENE (NO. 2:21-CV-01386-RAJ) – 4

15934.0024\154534908.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Benson*, No. 1:20-cv-1083, 2020 WL 8573863, at *3 (W.D. Mich. Nov. 17, 2020) (granting permissive intervention in a lawsuit challenging the 2020 election results to the City of Detroit, Michigan NAACP, the DNC, and the Michigan Democratic Party); *Libertarian Party of Pennsylvania v. Wolf*, No. 20-cv-2299, 2020 WL 6580739, at *1 (E.D. Pa. July 8, 2020) (granting permissive intervention to the Pennsylvania Democratic Party in a 2020 election dispute); *Davis v. Stapleton*, No. CV 20-62-H-DLC, 2020 WL 4815083, at *1 (D. Mont. Aug. 19, 2020) (granting intervention to the DCCC in a 2020 election dispute); *Cook Cty. Republican Party v. Pritzker*, 487 F. Supp. 3d 705, 711 (N.D. Ill. 2020) (granting the DCCC's motion to intervene in 2020 election dispute). There is no reason to depart here.

### C.   WSDCC Cannot Rely on the Existing Parties to Represent Its Interests

Although WEiCU contends that only the County can defend this lawsuit, Opp. at 4, the County certainly will not adequately represent WSDCC's interests in this action. WSDCC is "required only to make a minimal showing that representation of its interests may be inadequate." *People v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986). Here, the County's interest is in ensuring that election laws are properly administered. WSDCC, however, moves to intervene to protect the reputation and future successes of its candidates and to uphold the valid results of the 2020 election on behalf of its affiliate candidates and voters. *See Issa*, 2020 WL 3074351, at *3 (granting intervention as of right to the DCCC and the Democratic Party of California where the State's interests in implementation of a challenged law differed from proposed intervenors' partisan interests in representing Democratic voters).

### D.   Permissive Intervention is Warranted

Additionally and alternatively, WSDCC satisfies the requirements for permissive intervention. FRCP 24(b) provides that the Court may grant permissive intervention to any party

---

of the Democratic Party can vote" and "ensure the election of Democratic Party candidates," warranting intervention as of right. *See Paher*, 2020 WL 2042365, at *2; *Donald J. Trump for President, Inc.*, 2020 WL 5229116, at *1. Here, WSDCC has an interest in ensuring that the votes cast by Democratic voters during the 2020 election remain counted and undisturbed, and that the baseless conspiracy theory articulated in the Complaint does not unjustifiably threaten the reputations and electoral prospects of Democratic candidates.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S REPLY ISO MOTION
TO INTERVENE (NO. 2:21-CV-01386-RAJ) – 5

15934.0024\154534908.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

who "has a claim or defense that shares with the main action a common question of law or fact." Here, as described in its Motion to Intervene, WSDCC has defenses that share such common questions of law or fact, such as whether Plaintiffs have stated a valid claim for relief.

WEiCU insists that WSDCC should not be permitted to intervene under FRCP 24(b) because WSDCC seeks to "influence the outcome of elections." Opp. at 5. *Of course* WSDCC seeks to advance Democratic candidates who will prevail in elections—but that hardly makes permissive intervention inappropriate. Indeed, it demonstrates precisely the opposite: that the party should be allowed intervention. WSDCC's Motion is timely, WSDCC has plainly demonstrated an interest in the outcome of the litigation sufficient to support permissive intervention, and Plaintiffs have not identified any delay or prejudice that will result from WSDCC's intervention. Given WSDCC's clear interest in protecting its candidates and voters, particularly in lawsuits that advance unsupported allegations of widespread fraud, WSDCC should be allowed to intervene.

E.  **WSDCC's Proposed Answer and Motion to Dismiss Comply with the Civil Rules**

WEiCU takes issue with WSDCC attaching its Proposed Answer and Motion to Dismiss to its Motion to Intervene, Opp. at 5–6, but WSDCC attached these proposed pleadings to comply with the requirements of the Federal Rules of Civil Procedure. WSDCC filed its Proposed Answer to comply with FRCP 24(c), which requires proposed intervenors to attach "a pleading that sets out the claim or defense for which intervention is sought." WSDCC filed its Proposed Motion to Dismiss to avoid potentially waiving the FRCP 12(b) defenses it raised in its Proposed Motion. *See* FRCP 12(b) ("A motion asserting any of [the CR 12(b)] defenses must be made before pleading if a responsive pleading is allowed."). Should WSDCC be granted intervention, it will file its Proposed Motion to Dismiss.

### III.    CONCLUSION

For the reasons set forth above, Proposed Intervenor Washington State Democratic Central Committee respectfully requests that the Court grant its Motion for Intervention.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S REPLY ISO MOTION
TO INTERVENE (NO. 2:21-CV-01386-RAJ) – 6

15934.0024\154534908.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | |
|---|---|
| Dated: November 9, 2021 | *s/ Kevin J. Hamilton* <br> Kevin J. Hamilton, WSBA No. 15648 <br> KHamilton@perkinscoie.com <br> Amanda J. Beane, WSBA No. 33070 <br> ABeane@perkinscoie.com <br> Reina A. Almon-Griffin, WSBA No. 54651 <br> RAlmon-Griffin@perkinscoie.com <br> Nitika Arora, WSBA No. 54084 <br> NArora@perkinscoie.com <br> **Perkins Coie LLP** <br> 1201 Third Avenue, Suite 4900 <br> Seattle, Washington 98101-3099 <br> Telephone 206.359.8000 <br> Facsimile 206.359.9000 <br><br> *Attorneys for Proposed Intervenor Washington State Democratic Central Committee* |

WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE'S REPLY ISO MOTION TO INTERVENE (NO. 2:21-CV-01386-RAJ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15934.0024\154534908.1

# **CERTIFICATE OF SERVICE**

On November 9, 2021, I caused to be served upon the below named counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document and its attachments.

| | |
|---|---|
| Royce Buckingham<br>Whatcom County Prosecuting Attorney's Office<br>County Courthouse<br>311 Grand Avenue<br>Bellingham, WA 98225<br>Phone: 360-778-5711<br>Email: rbucking@co.whatcom.wa.us | ☐ Via hand delivery<br>☐ Via U.S. Mail, 1st Class, Postage Prepaid<br>☐ Via Overnight Delivery<br>☐ Via Facsimile<br>☑ Via Eservice |
| Virginia Pearson Shogren<br>VIRGINIA P SHOGREN PC<br>961 W OAK COURT<br>SEQUIM, WA 98382<br>360-461-5551<br>Email: vshogren@gmail.com | |
| Darcy Lynn Hocker<br>411 Flair Valley Ct.<br>Maple Falls, WA 98266<br>360-441-4652 | ☐ Via hand delivery<br>☑ Via U.S. Mail, 1st Class, Postage Prepaid<br>☐ Via Overnight Delivery<br>☐ Via Facsimile<br>☐ Via Eservice |
| Joseph Grant<br>2 Gray Birch Lane<br>Bellingham, WA 98229<br>425-563-0460 | |
| Evelyn Hopf<br>1516 Mitchell Ave.<br>Blaine, WA 98230<br>206-799-2534 | |

CERTIFICATE OF SERVICE – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15934.0024\154534908.1

**I certify under penalty of perjury under the laws of the
State of Washington that the foregoing is true and correct.**

EXECUTED at Seattle, Washington, on November 9, 2021.

                                  *s/ Kevin J. Hamilton*
                                  Kevin J. Hamilton, WSBA No. 15648
                                  KHamilton@perkinscoie.com

CERTIFICATE OF SERVICE – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

15934.0024\154534908.1