HONORABLE RICHARD A. JONES

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DARCY LYNN HOCKER; JOSEPH GRANT; EVELYN HOPF, | Case No. 2:21-cv-1386- RAJ |
| | REPLY IN SUPPORT OF MOTION TO REMAND |
| | 28 U.S.C. §1447(c) |
| Plaintiffs, | |
| v. | NOTE ON MOTION CALENDAR: NOVEMBER 19, 2021 |
| DIANA BRADRICK, Whatcom County Auditor; WHATCOM COUNTY, and DOES 1 through 30, inclusive, | |
| Defendants. | |

Plaintiff Washington Election Integrity Coalition United ("WEiCU"), without appearance, and with full reservation of rights, respectfully submits the following reply brief in support of its Motion to Remand this action to Whatcom County Superior Court, Case No. 21 2 0094937.  (28 U.S.C. §1447 (c); 28 U.S.C. §1441(c).)

REPLY IN SUPPORT OF MOTION TO REMAND

1

Plaintiff Washington Election Integrity Coalition United ("WEiCU"), without appearance, and with full reservation of rights, respectfully submits this reply brief in support of its Motion to Remand this action to Whatcom County Superior Court, Case No. 21-2-01641-34.  (28 U.S.C. §1447 (c); 28 U.S.C. §1441(c).)

A.  Section 1441(c) Governs the Removal of This Action

Defendants acknowledge that their Notice of Removal cited to 28 U.S.C. § 1441 with no subsection identified, and ask for leave to cure the deficiency. (Response, p. 6, ll. 10-22.)  An opportunity to cure the defect was specifically proposed and offered during the meet and confer with Defendants' counsel prior to filing this motion.  Defendants' counsel declined. (Decl. of Virginia Shogren filed in support of Motion to Remand, ¶ 3.)

Alternatively, Defendants assert that their Notice of Removal was sufficient because it only needs to contain "a short and plain statement of the grounds for removal." (Response, p. 6, ll. 12-16.)

Defendants do not seem to appreciate the significance of removing an action from state court to seek federal jurisdiction over state law statutory claims.  The removal must be specifically supported by the removal statute, and Plaintiffs are entitled to know upon which authority Defendants are 'hauling' them into federal court. To date, in the six actions improperly removed to Federal Court thus far, and pseudo-consolidated before a *single* judge without notice or opportunity to respond, Plaintiffs have been subjected to stricken motions, multiple motions to dismiss, multiple motions for intervention, counterclaims, and a Rule 11 motion. All in approximately 5 weeks' time.

REPLY IN SUPPORT OF MOTION TO REMAND
2

This Court should remind Defendants that Notices of Removal are not to be taken lightly. They are expressly subject to Rule 11 requirements by statute:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . .

(28 U.S.C. §1446(a).)  The express Rule 11 signature requirements for Notices of Removal are meant to prevent abuse of the removal statute. Removing *pro se* parties from their local state Superior Court to a federal system many miles away, with a completely different jury pool, and judges who are appointed for life as opposed to elected by the People of Washington State is a SIGNIFICANT act.

      B.     <u>The Removal Statute Was Amended in 2011 to Address the Excessive Expansion of Article III Jurisdiction Over State Law Claims</u>

Because of this on-going abuse of the removal statute, in 2011, Congress stepped in to specifically amend 28 U.S.C. § 1441(c) to limit unconstitutional Article III 'jurisdiction' over state law claims.

Under the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat 758, Congress removed the "discretion [to] remand all matters in which State law predominates" phrase due to criticism from courts and commentators who believed that the old Section 1441(c) exceeded the boundaries of Article III jurisdiction. (*See, e.g.*, *Thomas v. Shelton*, 740 F.2d 478, 483 (7th Cir. 1984) [removal jurisdiction over state law claims raises "constitutional questions"].) This type of criticism prompted Congress to amend Section 1441(c) and preclude federal courts from adjudicating "separate and independent" state law claims. (H.R. Rep. No. 112-10, at 12 (2011) [stating that new Section 1441(c)'s "sever-and-

REPLY IN SUPPORT OF MOTION TO REMAND

remand approach is intended to cure any constitutional problems"].)  The amended statute

effectively strips federal courts of jurisdiction over separate and independent state law claims:

> [U]nder the new Section 1441(c), state court litigants contemplating removal of an action involving state law claims potentially outside of federal jurisdiction <u>must consider the possibility that if they remove, the state law claims will be remanded and they will face litigation in both state and federal court.</u>

(Wrabley, Colin E., *Recent Amendments to Federal Removal Statutes Create New*

*Possibilities and Potential Pitfalls for Litigators*, ReedSmith, 18 January 2012, pp. 2-3

[emphasis added].)

Here, Defendants cite to case law from 1993, 1994 and 1997 (*pre-dating* the 2011

amendments to 28 U.S.C. § 1441(c)) to argue that Article III jurisdiction is permitted over any

causes of action that "form part of the same case or controversy." (*City of Chicago v. Int'l Coll.*

*Of Surgeons*, 522 U.S. 156, 165, (1997); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.

1997); *Picard v. Bay Area Reg. Transit Dist.*, 823 F. Supp. 1519, 1527 (N.D. Cal 1993).)

If "same case or controversy" was the standard for removal Article III jurisdiction, 28 U.S.C.

§1441(c) would be rendered meaningless, and any case involving mixed state and federal claims

would be subject to federal jurisdiction.  Rather, the removal statute must govern removal

jurisdiction, as federal jurisdiction is constitutionally limited. (Art. III, U.S. Const.)

C.  <u>Severance and Remand Pursuant to 28 U.S.C. §1441(c)(2) Is Mandatory</u>

Assuming, for purposes of argument only, that this Court finds removal under §1441 with no

subsection specified a sufficient grounds for removal of cases involving a mix of state and

federal claims, examination of 28 U.S.C. §1441(c) and related case law shows that severance and

remand of the state-law based claims in this action is warranted. (*Genusa v. Asbestos Corp.*, 18

F.Supp.3d 773, 783-790 (M.D. La. 2014) [motion to sever and remand under 28 U.S.C. §1441(c)

granted]; *SJ Associated Pathologists PLLC v. Cigna Healthcare of Tex., Inc*. 964 F.3d 369, 373-374 (5th Cir. 2020) [district court judgment dismissing action vacated; state-law claims severed and remanded to state court]; *Kaylor v. Multi-Color Corp*. 488 F.Supp.3d 640, 644-644  (S.D. Ohio 2020) ["[a] straightforward reading of §1441(c) shows that Congress allowed for the parallel litigation of related claims in both state and federal courts."].)

The proper analysis is whether, and to what extent, Plaintiffs' claims: (1) are not within the court's original jurisdiction; (2) are not within the court's supplemental jurisdiction; or (3) are claims that have been made unremovable by statute. (*Genusa, supra*, at 783.)

  1) <u>Plaintiffs' State-law Based Claims Are Not within This Court's Original Jurisdiction</u>

As previously noted, this Court does not have original jurisdiction over eight (8) of the eleven (11) causes of action in the complaint, as they were brought under state statutory law, namely, RCW Chapters 29A and 42.56. (Verified Complaint, ¶¶ 1-53.)

  2) <u>Plaintiffs' State-law Claims Are Not within This Court's Supplemental Jurisdiction</u>

In addition, this Court does not have supplemental jurisdiction over the eight (8) state statutory claims on multiple grounds. First, the causes of action under RCW 29A.68.013 may only be brought before: "Any justice of the supreme court, judge of the court of appeals, or judge of the superior court in the proper county. . . . "  (RCW 29A.68.013.)  Likewise, the cause of action under RCW 42.56 may only be brought before "the superior court in the county in which a record is maintained . . . ." (RCW 42.56.550.) This Federal Court does not have Article III

supplemental jurisdiction over state-law claims that may only be brought before state court judges based on the express, plain language of the statutes. (RCW 29A.68.013, RCW 42.56.550.)

Second, even if this Court chooses to ignore the plain language of the state statutes, supplemental jurisdiction would not be permitted under 28 U.S.C. §1367(c) due to: 1) the novel and complex issues of state law involved (as evidenced, in part, by Defendants' multiple pending motions to dismiss and the intense desire for the Democratic Central Committee to intervene in all the actions); 2) the predominance of the state-law claims in the action; and/or, 3) other compelling reasons for declining jurisdiction, such as the removal statute mandating severance and remand. (28 U.S.C. §1441(c).)

D.    The State-Law Claims Are Independent Because if Removed, There Would Be No Basis for the Remaining Federal Claims

Under 28 U.S.C. §1441(c), the Court must examine the claims in the complaint to determine whether removal is proper, and for complaints involving both federal law claims and state law claims, as is the case here, the entire action may be removed only if the action would be removable without the inclusion of the eight (8) state-law based claims:

(c) Joinder of Federal Law Claims and State Law Claims.

(1)   If a civil action includes –
(A)    a claim arising under the Constitution, laws, or treaties of the United States . . . , and
(B)    a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed *if the action would be removable without the inclusion of the claim described in subparagraph (B).*
(2)   Upon removal of the action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. . . .

REPLY IN SUPPORT OF MOTION TO REMAND

6

(28 U.S.C. §1441(c) [emphasis added].)

In this instance, the state claims are based in state law (*i.e.*, RCW 29A; RCW 42.56), assert independent process claims related to County-level election irregularities, seek production of County election public records, and form the entire evidentiary basis for the action.

As such, the state-law statutory claims are akin to the liability phase of the action, whereas the federal claims are akin to a damages phase. Without the 'liability' phase, there can be no 'damages' phase. The federal claims are only at issue if and when findings are reached under the independent state claims. Consequently, at a minimum, the state statutory-based claims in this matter must be remanded pursuant to the plain language of 28 U.S.C. §1441(c).

E. Plaintiffs Did Not "Choose To Subject Their Claims to Federal Jurisdiction."

Perhaps the most in artful statement in Defendants' response is their assertion that: "Plaintiffs chose to subject their claims to federal jurisdiction", citing to an inapposite case that purports to stand for the proposition that Plaintiffs, as masters of their Complaint, may limit their potential recovery in order to avoid federal jurisdiction. (Response, p. 6, ll. 4-9.)

Contrary to Defendants' wishful assertion, Plaintiffs filed their predominately state-law statutory based action in state Superior Court, and those claims, at a minimum, must be severed and remanded under the express mandatory plain language of 28 U.S.C. § 1441(c).

F. The Court Does Not Have Discretion to Ignore 28 U.S.C. § 1441(c)

Defendants appear to assert the Court has discretion to exercise supplemental jurisdiction over the independent state law claims under 28 U.S.C. § 1367. (Response, p. 4, l. 22- p. 5, l. 8.)

Defendants' reliance on 28 U.S.C. § 1367 is misplaced. 28 U.S.C. § 1367 is not a removal statute and does not give the Court automatic supplemental jurisdiction over a state claim; any

REPLY IN SUPPORT OF MOTION TO REMAND

7

such interpretation would render 28 U.S.C. §1441(c) meaningless and an affront to the Congressional amendments in 2011 specifically aimed at *limiting* Article III jurisdiction over independent state-law claims.

As such, Defendants again want this Court to ignore 28 U.S.C. § 1441(c), which was specifically amended by Congress in 2011 to no longer provide federal courts with discretion to retain independent state law claims:

> (2)     Upon removal of the action described in paragraph (1), the district court <u>shall sever</u> from the action all claims described in paragraph (1)(B) and <u>shall remand</u> the severed claims to the State court from which the action was removed. . . .

(28 U.S.C. §1441(c)(2) [emphasis added].)

Consistent with the express language of 28 U.S.C. §1441(c), this Court must, at a minimum, sever the state claims for remand back to State Superior Court for Whatcom County, Case No. 21-2-01641-34.  This motion should be granted accordingly.

VIRGINIA P. SHOGREN, P.C.

Dated: November 19, 2021

By: Virginia P. Shogren, Esq.
961 W. Oak Court
Sequim, WA 98382
WEiCUattorney@protonmail.com
Attorney for Plaintiff WEiCU

REPLY IN SUPPORT OF MOTION TO REMAND

8

CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2021, I electronically filed the following with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record as noted:

REPLY IN SUPPORT OF MOTION TO REMAND

Callie Castillo
Royce Buckingham
(Counsel for Defendants)

Kevin Hamilton
Reina Almon-Griffin
Nitika  Arora
Amanda Beane
(Counsel for Proposed Intervenor)

And I hereby certify that I caused to be served the document via email provided by the following parties who are non CM/ECF participants:

Darcy Lynn Hocker
Joseph Grant
Evelyn Hopf

Dated: November 19, 2021                    *s/ Virginia P. Shogren*
                                            Virginia P. Shogren
                                            Virginia P. Shogren, P.C.
                                            961 W. Oak Court
                                            Sequim, WA 98382
                                            360-461-5551

REPLY IN SUPPORT OF MOTION TO REMAND

9